Evelyn Nicholas, Appellant *v.* The Non-Profit Housing Corporation of Washington, The Redevelopment Authority of the County of Washington and the County of Washington, Appellees.

Submitted on briefs October 7, 1985, to Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*W. Bryan Pizzi, II,* with him, *Charles L. Bell, Jr., Rosenberg, Sewak & Pizzi,* for appellant.

*Wray G. Zelt, III,* for appellees, The Non-Profit Housing Corporation of Washington and The Redevelopment Authority of the County of Washington.

*Amy S. Cunningham,* for appellee, The County of Washington.

OPINION BY JUDGE PALLADINO, December 2, 1985:

This is an appeal by Evelyn Nicolas (Appellant) from an order of the Court of Common Pleas of Washington County (trial court) which sustained the preliminary objections of the Non-Profit Housing Corporation of Washington, the Redevelopment Authority of the County of Washington and the County of Washington (collectively, Appellees) and dismissed Appellant's complaint because it concluded that Appellees are immune from liability as a local agency under Section 8541 of the Tort Claims Act, 42 Pa. C. S. §8541.

Appellant is the lessee of an apartment owned and leased by Appellees. Pursuant to the terms of the lease, a refrigerator owned by Appellees was maintained on the leased premises. The refrigerator was defective in that it did not have a door handle. Appellant notified Appellees of this condition but they did not make the necessary repairs. On December 19, 1983, while attempting to open the refrigerator, Appellant fell. Appellant asserts that her fall was caused

by her attempt to open the defective refrigerator. Thus, she has sued Appellees for the damages which she sustained. Although Appellant acknowledges that Appellees are local agencies which are generally immune from suit pursuant to Section 8541 of the Tort Claims Act, she asserts that Appellees are not immune on the facts presented here because immunity has been waived, pursuant to Section 8542(b)(3) of the Tort Claims Act, for real property in the care, custody and control of a local agency. Appellant further asserts that the refrigerator constitutes real property because it is a fixture.

Because we agree with the reasoning of the trial court, which rejected Appellant's argument, we affirm on the basis of the able and comprehensive opinion of Judge THOMAS J. TERPUTAC, *Nicolas v. The Non-Profit Housing Corporation of Washington,* Pa. D. & C. 3d (No. 18 May Term, 1984, filed September 25, 1984).

ORDER

AND Now, December 2, 1985, the order of the Court of Common Pleas of Washington County, No. 18 May Term, 1984, dated September 25, 1984, is affirmed.