516 A.2d 832

York Redevelopment Authority and The City of York, Office of Housing Rehabilitation, Appellants *v.* Stephen T. Keener and Deborah A. Keener, his wife, L. Burton Curry and Bonnie L. Curry, and P. Dale Shultz, Appellees.

Argued September 9, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert A. Lerman, Kagen, Griffith, Strickler, Lerman & Solymos,* for appellants.

*Patricia A. Butler,* with her, *W. Scott Sandusky* and *R. Elliot Katherman,* for appellees, Stephen and Deborah Keener.

OPINION BY JUDGE COLINS, October 23, 1986:

The York Redevelopment Authority (Redevelopment Authority) and The City of York, Office of Housing Rehabilitation (City) appeal[1] the order of the Court of Common Pleas of York County denying their motions for summary judgment.

On September 15, 1982, Stephen T. Keener (appellee) fell and was injured while working as a subcontractor at property owned and in the possession of L. Burton Curry and Bonnie L. Curry (appellee/owners). The property in question was acquired by the Redevelopment Authority as part of the City Redevelopment Plan pursuant to Section 2 of the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1702. The property had been damaged by

---

[1] This is an interlocutory appeal by permission pursuant to 42 P.S. §702(b) which provides:

    (b) Interlocutory appeals by permission.—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

flood waters in June, 1972, and was one of many premises offered for sale as part of the "Back to the City Project" for which block grant funding was provided.

Appellee/owners agreed to purchase the designated uninhabitable premises on November 16, 1981, and in December of 1981, a Right of Entry Agreement was executed acknowledging the purchase of the property by the appellee/owners "as is" and permitting them to enter.

On June 22, 1982, settlement took place and legal title to and possession of the premises was transferred from the Redevelopment Authority to appellee/owners. Thereafter, appellee/contractor P. Dale Shultz, hired by appellee/owners, began renovation work. Mr. Shultz subcontracted with appellee Keener who was injured when he fell through the kitchen floor of the premises.

The City offers the services of rehabilitation specialists without charge to assist homeowners in coordinating the rehabilitation project, to assure that City Code Building Regulations are met, and to handle disbursement of the block grant funds.

At the time when appellee sustained his injuries, neither the Redevelopment Authority nor the City had legal title to the premises. The Redevelopment Authority held title until June 22, 1982, and the City never held title to the premises. However, prior to the sale of the property, the City, through its Office of Housing Rehabilitation employee, Terry Davenport, performed various services in connection with the property such as inspections, showing the property to prospective buyers and overseeing renovation of the property.

At issue is the legislature's intent in enacting Section 8542(6)(3) of the Judicial Code (Code), 42 Pa. C. S. §8542(b)(3), which imposes liability on a local agency for negligence arising out of the care, custody, or control of real property *in the possession of* the local agency (em-

phasis added). The sole issue is what constitutes "possession" for the purpose of the Code.

The City and the Redevelopment Authority contend that Section 8542(b)(3) of the Code is to be interpreted narrowly. We agree.

Section 8542(b)(3) provides in part as follows:

Acts which may impose liability—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency.

(3) Real Property—The care, custody or control of real property in the possession of the local agency. . . .

In *City of Philadelphia v. Middleton*, 89 Pa. Commonwealth Ct. 362, 492 A.2d 766 (1985), this Court found that the legislative intent in reinstating the Act was to avoid the possible devastating effects of unpredictable numbers of lawsuits against municipalities. "[T]he section must be read as a narrow exception to a general legislative grant of immunity and we construe it to impose liability only for the negligence which makes *government-owned property* unsafe. . . ." (Emphasis added.) *Vann v. Board of Education of School District of Philadelphia*, 76 Pa. Commonwealth Ct. 604, 607, 464 A.2d 684, 686 (1983). We can find no reason to deviate from our holding in *Vann*.

It is clear that the eight exceptions were intended to be construed narrowly. To find that the actions by Mr. Davenport or the Redevelopment Authority constituted possession by the City or the Redevelopment Authority would defy both the common sense notion of possession and the case law.

For the aforementioned reasons, we reverse the order of the Court of Common Pleas of York County.

## Order

AND NOW, this 23rd day of October, 1986, the order of the Court of Common Pleas of York County, No. 84-S-1078, dated December 5, 1985, is hereby reversed and the matter is remanded to the Court of Common Pleas of York County with directions that judgment be entered in favor of York Redevelopment Authority and The City of York, Office of Housing Rehabilitation.