## Hawkins v. City of Harrisburg

*Anthony Stefanon,* for plaintiff.

*Stephen L. Grose,* for defendant redevelopment authority.

*Timothy I. Mark,* for defendant City of Harrisburg.

NATALE, *J.,* March 30, 1988 — Defendants City of Harrisburg and the redevelopment authority of the City of Harrisburg have each filed preliminary objections in the nature of a demurrer to the complaint. In addition, the City of Harrisburg had filed a motion to strike portions of the complaint dealing with notice requirements.

Plaintiff, Dannie Hawkins, was injured on the job while working on a construction project during renovation of the "Old Water Works Project" in Harrisburg. Plaintiff fell from a temporary scaffolding erected at the work site. Defendant One-Thirty Company, a limited partnership, was the tenant of

the premises where the accident occurred, having leased the same from defendant, redevelopment authority.

The complaint alleges that the above defendants:

(1) failed to control and supervise the activities of the contractors;

(2) failed to employ careful and competent contractors to perform the renovations project;

(3) failed to take special precautions with respect to the erection of the scaffolding.

(4) failed to exercise reasonable care to insure the scaffolding was safely erected; and

(5) failed to eliminate known hazards and to provide a safe place to work.

According to the demurring defendants, the Political Subdivision Tort Claims Act, P.L. 693, §221(e) (1980), as amended by P.L. 452, §1 (1982), 42 Pa.C.S. §8541-64, insulates them from liability in the instant action. The act lists eight circumstances in which local governmental agencies may be held liable for their own actions and the actions of its agents or employees. The specific subsection of that act which is in dispute is 42 Pa.C.S. §8542(b)(3), which provides:

"(b) *Acts which may impose liability* — the following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(3) *Real Property* — the care, custody or control of real property in the possession of the local agency, . . . As used in this paragraph, 'real property' shall not include:

"(i) trees, traffic signs, lights, and other traffic controls, street lights and street lighting systems;

"(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within right-of-ways;

"(iii) streets; or

"(iv) sidewalks."

## THE ISSUES

There are two issues before the court. The first issue is whether the City of Harrisburg and/or the Redevelopment Authority was "in possession" of the premises by virtue of its landlord status to the property where the accident took place. The second issue involves a question of whether a temporary scaffolding falls within the definition of "real property" under the statute.

## DISCUSSION

### Possession of the premises

In *York Redevelopment Authority v. Keener,* 101 Pa. Commw. 464, 516 A.2d 832 (1986), the Commonwealth Court held that section 5545(b)(3) is to be interpreted narrowly and that the actions of the local agency in overseeing the renovation of the property did not amount to "possession" to make it liable under the statute. The only key factual difference between the above-cited case and the instant action is that of legal title to the property in question. In *York Redevelopment Authority,* the authority relinquished legal title to the property before the accident occurred and continued to provide assistance by overseeing the project. Here, the redevelopment authority retained legal title to the property

as well as overseeing the renovation project at all times. As owner of the property and as overseer of the renovation project, it is clear to this court that the City of Harrisburg and the Redevelopment Authority were "in possession" of the premises in question for the purposes of §8542(b)(3).

## Temporary scaffolding as "real property"

The General Assembly has listed four separate categories in section §8542(b)(3) which exclude certain items from the definition of real property — none of them would specifically exclude temporary structures, such as scaffoldings, from the definition. In *Nicholas v. Non-profit Housing Corp. of Washington*, 38 D.&C.3d 64 (1984) aff'd, 93 Pa. Commw. 266, 500 A.2d 1292 (1985), the Commonwealth Court affirmed a trial court's decision granting immunity to the local agency for an accident that occurred due to a defective refrigerator door on property owned by that local agency. The court in *Nicholas* held that the local agency was entitled to immunity because the refrigerator was not a fixture of the property and as such could not be "real property" under the statute. *Nicholas* at 66. In the case at bar, there are even fewer reasons to hold that the temporary scaffolding was "real property" than there were in *Nicholas* to hold that the refrigerator was "real property." A temporary scaffolding does not become real property simply because it is placed on the premises.

Generally, a demurrer admits as true all well-pleaded facts in the complaint but not conclusions of law. *Greenspan v. United Services Automobile Association*, 324 Pa. Super. 315, 471 A.2d 856 (1984). Since the question of whether a temporary scaffolding is "real property" for the purposes of

section 8542(b)(3) is a matter of law, it is appropriate for this court to sustain the demurrers before it. With the court sustaining those demurrers, defendant City of Harrisburg's motion to strike need not be addressed.

Accordingly, the following is entered.

## ORDER

And now, March 30, 1988, defendant City of Harrisburg's and defendant Redevelopment Authority of the City of Harrisburg's demurrers are sustained and the complaint is dismissed to the extent that it seeks recovery against the City of Harrisburg or the Redevelopment Authority of the City of Harrisburg.