556 A.2d 947

Donald Gaster and Mary Ann Gaster, Appellants
*v.* The Township of Nether Providence, Joseph
Luglio and Robert Clancey, Appellees.

Argued December 12, 1988, before Judges DOYLE
and MCGINLEY, and Senior Judge KALISH, sitting as a
panel of three.

*John W. Nilon, Jr.,* with him, *Lee A. Stivale, Nilon, Paul & Mardinly,* for appellants.

*John W. Wellman,* with him, *Denis M. Dunn, Petrikin, Wellman, Damico, Carney & Brown,* for appellees.

OPINION BY JUDGE MCGINLEY, April 5, 1989:

Donald and Mary Ann Gaster (Appellants) appeal from an order of the Court of Common Pleas of Delaware County (common pleas court) sustaining the preliminary objections of Nether Providence Township, Joseph Luglio and Robert Clancey (Appellees) and dismissing Appellants' amended complaint in mandamus against Appellees. We affirm.

Appellants own a 44.453 acre tract of land in Nether Providence Township (Township) which is zoned R-1 residential. On November 20, 1985, Appellants filed a challenge[1] to the Township's zoning ordinance (ordinance) alleging that the ordinance was exclusionary be-

---

[1] Section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004 provides in relevant part:

> (1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:
>
> (a) To the zoning hearing board for a report thereon under section 910 or 913.1; or
>
> (b) To the governing body together with a request for a curative amendment under section 609.1.

cause it failed to provide for mobile home parks and mobile homes in the Township. Appellants also submitted an application for approval of a mobile home park on their tract of land. Fourteen hearings were held between May 12, 1986, and August 10, 1987. On June 8, 1987, testimony was completed. The Appellants and the Appellees agreed that the record would remain open until July 13, 1987, in order for the Board to question the attorneys (Notes of Testimony, June 8, 1987, (N.T.) at 809). The Board also informed the Appellants and Appellees that it would render a decision on August 10, 1987, (N.T. at 809-810). On July 13, 1987, arguments were heard, and the Board denied Appellants' application and challenge on August 10, 1987. On August 11, 1987, the Board reduced to writing its Notice of Decision.[2] On August 31, 1987, Appellants appealed the Board's denial and also filed a complaint in mandamus to enforce a "deemed approval" pursuant to Section 908(9) of the MPC, 53 P.S.

---

[2] The Notice of Decision sent by the Board Chairman George Thorbahn (Thorbahn) to Appellants' counsel stated:

This letter shall confirm the fact that the Zoning Hearing Board of the Township of Nether Providence has voted to deny the challenge of applicants to the validity of the Township's Zoning Ordinance. The Board has, by its vote, found that the zoning ordinance is not discriminatory, unreasonable, arbitrary, capricious or exclusionary. The zoning ordinance, it has been found, does not fail to provide zoning for mobile homes or mobile home parks within Nether Providence Township.

In its decision, the Zoning Board of Nether Providence Township has determined that its ordinance is not exclusionary in purpose or effect.

The Zoning Board of Nether Providence has also determined, by its decision, that approval of applicants' property for use as a 382-unit mobile home park is not warranted.

A report of the Zoning Board of Nether Providence Township shall be forthcoming within a reasonable time by way of its written Opinion and Order.

§10908(9). The Appellees filed preliminary objections to the Appellants' complaint.[3]

On October 2, 1987, the Appellants filed an amended complaint and the Appellees again filed preliminary objections in the nature of a demurrer alleging that Appellees' complaint failed to state a clear cause of action as required in mandamus. On November 10, 1987, the Board's findings of fact and conclusions were transmitted to the Appellants. On February 11, 1988, the common pleas court sustained Appellees' preliminary objections and dismissed the Appellants' amended complaint.[4] The common pleas court held that the Board's decision was timely filed, that the Appellants were not entitled to a deemed approval and that the Board's written decision was not invalid for failure to include specific findings of fact and an opinion.

On appeal, Appellants argue that: 1) the Board did not provide valid and timely written notice of its decision; 2) the Board failed to make findings of fact and conclusions of law in its decision; 3) and, an action in mandamus to enforce a deemed approval is not rendered moot by the Township's protective appeal.

In determining whether to sustain preliminary objections in the nature of a demurrer all well-pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true. *County of Allegheny v. Dominijanni*, 109 Pa. Commonwealth Ct. 484, 531 A.2d 562 (1987). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be

---

[3] On September 9, 1987, the Appellees also filed a protective zoning appeal from the Board's decision.

[4] Since the common pleas court sustained the demurrer and dismissed Appellants' amended complaint only the mandamus issue is before this Court.

resolved against sustaining the demurrer. *Dominijanni.* However, any argumentative allegations or expressions of opinion are not accepted as true. *Firing v. Kephart,* 446 Pa. 560, 353 A.2d 833 (1976).

The Appellants argue that Section 908(9) of the MPC[5] required the Board to render a written decision upon the challenge within forty-five days after the last hearing or upon the stipulated extension. The Appellants contend that the last hearing date was June 8, 1987, and not the July 13, 1987, meeting at which the Board heard oral arguments. The Appellants cite the case of *Quality Food Market, Inc . v. Zoning Hearing Board of South Lebanon Township,* 50 Pa. Commonwealth Ct. 569, 413 A.2d 1168 (1980)[6] in support of their contention.

---

[5] Section 908(9) in relevant part provides:

The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or hearing officer. ...

Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time . . .

[6] In *Quality,* the Zoning Board of South Lebanon (Board) held a public meeting on May 18, 1978, to hear Quality Food Market's appeal from a denial of their request for a special exception. The Board Chairman concluded that there would be no more testimony and that a decision would be rendered within forty-five days. The Board met on June 1, 1978, for "deliberation and discussion among the Board members" and again indicated that all the evidence had been taken at the May 18, 1978, meeting. At the conclusion of the June 1, 1978, meeting, the Board rendered an oral decision denying Appellant's request. The Board's written decision was rendered on July 17, 1978. The trial court held that May 18, 1978, was the last hearing.date based on the finding that evidence had been concluded

The common pleas court concluded that *Quality* was not controlling and for purposes of determining compliance with Section 908(9) of the MPC the common pleas court concluded that the last hearing date was July 13, 1987. A review of the record supports the common pleas court's conclusion.[7] Section 908(5) of the MPC, 53 P.S. § 10908(5) provides: "The parties shall have the right to be

---

and the Board's decision was not within the forty-five day limit. The Court held that the Code is satisfied if the parties are specifically notified of the decision within the forty-five day limit. We reversed and held that Section 908(9) of the MPC required written notice.

[7] Thorbahn to Attorneys:

MR. THORBAHN: The Board has discussed this with the various attorneys, and it has been agreed that we will keep the record open, we will not close the record as of tonight's meeting, that we will keep the record open until the July meeting, and our regular meeting in July will be July 13. And at that time the only reason for keeping the record open is for questions from the Board to the various attorneys. It is not going to be open for the general public. And we will hear no more testimony from the various attorneys.

We have also agreed that the Board will make our decision at our regular August meeting, which according to the calendar is scheduled for August 10.

MR. NILON, this is agreeable to you?

MR. NILON: Yes.

MR. THORBAHN: Mr. Wellman?

MR. WELLMAN: Yes.

MR. THORBAHN: Mr. Stagliano?

MR. STAGLIANO: Yes.

MR. THORBAHN: With that in mind this meeting on the Gaster application is closed.

MR. MITCHELL: Additionally both counsel will have 10 days from tonight within which to submit supplemental briefs in response to the briefs that they have received from each other this evening.

MR. NILON: The problem is the tenth day is a Saturday.

MR. THORBAHN: It will be the following Monday, which will be a business day.

represented by counsel and shall be afforded the opportunity to respond and present evidence *and argument* and cross-examine adverse witnesses on all relevant issues." (Emphasis added.) The common pleas court held that Section 908(9) of the MPC does not limit the term "hearing" to proceedings where substantive evidence is received, but also includes specially scheduled sessions for argument by counsel. Accordingly, the last hearing date in the context of Section 908(9) was July 13, 1987, and the Board had forty-five days from that date or until August 27, 1987, to render its written decision.

In the alternative, Appellants argue that they stipulated to an extension of the forty-five day period until August 10, 1987, and that the Board's decision on that date was inadequate because it was oral and not written. Appellants maintain the Board's written decision of August 11, 1987, was untimely.

A review of the record reveals that the Board never requested that either Appellants or Appellees agree to an extension of time, nor that either of the parties agreed in writing to such an extension. Appellants and Appellees agreed to keep the record open until July 13, 1987, and after presenting oral argument at that time the record was closed. The common pleas court correctly found the Board's written decision was well within the forty-five day period ending August 27, 1987.

Appellants also argue that the Board's August 11, 1987, written denial was not accompanied by findings of fact and conclusions of law, and therefore did not satisfy the notice requirements of Section 908(9) of the MPC.

---

With that in mind, since our meeting is still open, the 18th of June is a Thursday, and the briefs will be submitted by that time.
N.T. at 809-10.

Appellants assert that the Notice of Decision does not refer to the Appellees' ordinance or regulation and the applicant and the reviewing court were unable to determine if the Zoning Hearing Board's decision was reasoned and supported by substantial evidence.[8] The deemed approval provision of Section 908(9) of the MPC concerns itself with the failure of the board to render a timely decision. Section 908(a) of the MPC does not state that deemed approval occurs when the decision is not accompanied by findings and conclusions. Had the legislature intended such a result they would have done so.[9]

Finally, to be entitled to a mandamus remedy, Appellants had to demonstrate a clear legal right to a remedy, that the Appellees had a duty that was ministerial in nature, and that there was no other appropriate and adequate remedy. *Valley Forge Racing Association v. State Horse Racing Commission*, 449 Pa. 292, 297 A.2d 823 (1972). Appellants failed to comply with the standards and the common pleas court properly granted Appellees' preliminary objections and dismissed Appellants' amended complaint in mandamus.[10]

Accordingly, we affirm the decision of the common pleas court.

---

[8] The Appellants' argument relating to the inability of the reviewing court to conduct a meaningful review fails to recognize that the common pleas court's determination was made three months after the Board's written findings and conclusions were sent to Appellant.

[9] In the context of subdivision and land development applications the failure of the governing body to render a decision and timely communicate it with appropriate findings in the manner required shall be a deemed approval. Section 508(3) of the MPC, 53 P.S. §10508(3).

[10] In view of our disposition of Appellants' first two arguments we do not reach the merits of Appellants' third argument as to whether an action in mandamus to enforce a deemed approval is moot due to the filing of a protective appeal.

ORDER

NOW, April 5, 1989, the order of the Court of Common Pleas of Delaware County at No. 87-11441, dated February 11, 1988 is hereby affirmed.