618 A.2d 1234

**CHELTENHAM TOWNSHIP POLICE ASSOCIATION, Appellant,**

v.

**CHELTENHAM TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1992.

Decided Dec. 22, 1992.

Anthony C. Busillo, II, for appellant.

Joseph C. Rudolf, for appellee.

Before CRAIG, President Judge, COLINS, Judge, and LORD, Senior Judge.

LORD, Senior Judge.

The Cheltenham Township Police Association (Police) appeals from an order of the Court of Common Pleas of Montgomery County sustaining the preliminary objections of Cheltenham Township (Township) and dismissing the Police Department's complaint. We reverse.

On June 24, 1991, the Police sent a letter by certified mail notifying the Township that it intended to pursue collective bargaining for the contract year commencing January 1, 1992, pursuant to Section 3 of the Act of June 24, 1968, P.L. No. 237, No. 111, § 3, 43 P.S. § 217.3 (Act 111). Attached to the letter was a proposed list of items for negotiation. The letter was signed for and delivered to the Township by a police officer as part of his routine duties on June 29, 1991, a Saturday.

Township officials did not actually open and read the letter until Monday, July 1, 1991. Thereafter, the Township notified the Police by letter dated July 9, 1991, that because the Police did not even request negotiations within the prescribed time period under Section 3 of Act 111, their request for collective bargaining was denied.

On August 1, 1991, the Police sent another letter to the Township in which they: 1) declared an impasse under Section

4 of Act 111,[1] 2) named their arbitrator; 3) attached the issues in dispute; and 4) reiterated their willingness to meet with Township officials to negotiate. The Township notified the Police on or about September 16, 1991 that they would not name an arbitrator.

The Police filed a complaint in mandamus and request for peremptory judgment in which they sought to have the court compel the Township to proceed to binding arbitration in accordance with Act 111. The trial court determined that the deadline for commencing collective bargaining was June 28, 1991, based on its interpretation of Sections 1908 and 1910 of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1908 and 1910. The request by the Police for collective bargaining was deemed untimely and their complaint was dismissed. This appeal followed.

The issues presented are whether the trial court erred in determining that the Police Association's request for collective bargaining was untimely by misapplying Section 1908 of the Statutory Construction Act to conclude that the deadline for commencing collective bargaining was June 28, 1991, and whether the trial court went beyond the factual averments of the complaint when it thereafter concluded that delivery of the Police Association's letter was not made until July 1, 1991.[2]

 Our standard of review when considering preliminary objections in the nature of a demurrer is limited to a review of the allegations set forth in the challenged pleading. We must accept as true all well-pleaded material facts in the complaint and all inferences reasonably drawn therefrom. Since a demurrer tests the legal sufficiency of the complaint, preliminary objections should be sustained and a complaint dismissed only in cases that are clear and free from doubt that the law will not permit recovery by the plaintiff. *Capital City*

1. 43 P.S. § 217.4.

2. We conclude that the trial judge did go beyond the factual averments of the complaint when he concluded that delivery of the letter was not made until July 1, 1991. Moreover, a determination of the date of delivery of a letter certainly cannot be made to depend on the obviously variable date the addressee chooses to open it.

*Lodge No. 12, Fraternal Order of Police v. City of Harrisburg,*
138 Pa.Commonwealth Ct. 475, 588 A.2d 584, *petition for allowance of appeal denied,* 528 Pa. 614, 596 A.2d 159 (1991).

 The Police contend that the trial court incorrectly applied Section 1908 of the Statutory Construction Act to determine the deadline for commencing collective bargaining under Act 111. Specifically, the Police argue that Section 1908, which provides for the computation of time generally, makes an exception for computing periods of time that are referred to in months by directing the person computing the time to Section 1910. Under Section 1910, the calculation of the period before which collective bargaining had to commence would result in identifying July 1, 1991 as the deadline. Delivery of the letter on June 29, 1991 would therefore be timely.

Section 3 of the Act of June 24, 1968, P.L. 237, No. 111, 43 P.S. § 217.3, provides in part:

Collective bargaining shall begin at least six months before the start of the fiscal year of the political subdivision. . . .

The Township's fiscal year was to begin on January 1, 1992. Turning to the Statutory Construction Act to calculate the correct six month period, we are confronted first with Section 1908, relating to the computation of time generally, and which provides that:

[w]hen any period of time is referred to in any statute, such period in all cases, *except as otherwise provided in* Section 1909 of this title (relating to publication for successive weeks) and *section 1910 of this title (relating to computation of months)* shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

Thus, this statute itself exempts a monthly calculation (Section 1910) from its provisions. Section 1910, in turn, provides:

[w]henever in any statute the lapse of a number of months after or before a certain day is required, such number of months shall be computed by counting the months from such day, excluding the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month.

Calculating backwards from January 1, 1992, excluding the month of January, the six months are December, November, October, September, August and July. The period six months immediately preceding the start of the fiscal year in which collective bargaining cannot commence under Act 111, Section 3, "shall include" July 1, as the "day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made...." § 1910. Therefore, under Act 111, collective bargaining by the Police had to be commenced before July 1, 1991. Turning then to the factual averments of the complaint, specifically paragraph three, the Police contend that they sent a letter dated June 24, 1991, requesting collective bargaining and attaching a list of items to be negotiated, which letter was delivered to the Township by certified mail on June 29, 1991.

Keeping in mind that the time requirements under Section 3 of Act 111 have been held to be mandatory, *Delaware County Lodge No. 27, Fraternal Order of Police v. Pennsylvania Labor Relations Board,* 75 Pa.Commonwealth Ct. 192, 461 A.2d 1337 (1983), and that case law also holds that use of the phrase "at least" by the legislature to qualify a period of time in any statute requires that the full period of time must elapse and both terminal days must be excluded, *In Re Lancaster City Ordinance No. 55–1952,* 383 Pa. 471, 119 A.2d 307 (1956), we must agree with the Police's contentions that delivery of their request for collective bargaining being made on June 29, 1991, falls outside the statutory six month period in Section 3 of Act 111, and was therefore timely.

Accordingly, we must reverse the order of the trial court sustaining the Township's preliminary objections and dismissing the Police Association's complaint.

## ORDER

AND NOW, this 22nd day of December, 1992, the order of the Court of Common Pleas of Montgomery County at No. 91–19961, dated December 3, 1991, is hereby reversed.