Michael Connor SWEENEY, Jr., a minor and Shannon Marie Sweeney, a minor, by their parent and natural guardian, Eileen Sweeney, and Eileen Sweeney, in her own right

v.

MERRYMEAD FARM, INC., Stephen C. Quigley, Scott Rothenberger, Donna R. Quigley, Mark Rothenberger, Maynard Rothenberger, Betty Jean Rothenberger, Linda Homa, Mary Rothenberger, and Carol Snyder, trading as Merrymead Farm Associates; and Rothenberger Family Partnership and Montgomery County Health Department.

Appeal of Merrymead Farm, Inc., Stephen C. Quigley, Scott Rothenberger, Donna R. Quigley, Mark Rothenberger, Maynard Rothenberger, Betty Jean Rothenberger, Linda Homa, Mary Rothenberger, and Carol Snyder, trading as Merrymead Farm Associates; and Rothenberger Family Partnership.

Commonwealth Court of Pennsylvania.

Argued March 12, 2002.
Decided June 7, 2002.

---

Victor M. Verbeke, Conshohocken, for appellants.

Donald S. Litman, Spring City, for appellees, Sweeney.

Richard W. Yost, Philadelphia, for appellee, Montgomery County Health Dept.

Before PELLEGRINI, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

This civil action was brought on behalf of Michael Connor Sweeney and Shannon Marie Sweeney, minors, by their parent Eileen Sweeney (the Sweeneys) against Merrymead Farm and the Montgomery County Health Department (the Health Department) for injuries suffered due to alleged exposure to E-coli bacteria. The Sweeneys challenge the order of the Court of Common Pleas of Montgomery County (trial court) that sustained the preliminary objections of the Health Department and dismissed it as an additional defendant. We affirm.

The Sweeney's claim that Merrymead Farm recklessly exposed visitors to illness. Merrymead Farm filed a joinder complaint against the Health Department on July 23, 2001. In the joinder complaint, Merrymead Farm averred that Health Department was both a Commonwealth agency and a local agency. It further alleged that the Health Department breached its duty to protect the health and safety of individuals and business owners, such as Merrymead Farm, under the Local Health Administration Law.[1] The joinder complaint averred that the Health Department was subject to liability under four exceptions to immunity, namely two Commonwealth party exceptions (the medical-professional liability exception and the care, custody of control of animals exception) and two local agency exceptions (the real property exception and the care, custody or control of animals exception).

The Health Department filed preliminary objections in the nature of a demurrer raising the affirmative defense of governmental immunity. On September 27, 2001, the trial court sustained the preliminary objections. By separate order, the trial court granted Merrymead Farm's motion for protective order and stayed all discovery pending further order of the court. The trial court then granted Merrymead Farm's petition for determination of finality pursuant to Pa. R.A.P. 341(c), concluding that an immediate appeal would facilitate resolution of the entire case.

Initially, we note that under the Pennsylvania Rules of Civil Procedure immunity from suit is an affirmative defense that must be pled in a responsive pleading under the heading new matter, not as a preliminary objection. Pa. R.C.P. 1030. We recognize that courts have permitted limited exception to this rule and have allowed parties to raise the affirmative defense of immunity as a preliminary objection. *Tiedeman v. Philadelphia*, 732 A.2d 696 (Pa.Cmwlth.1999); *Chester Upland School District v. Yesavage*, 653 A.2d 1319 (Pa.Cmwlth.1994). The affirmative defense, however, must be clearly applica-

1. Act of August 24, 1951, P.L. 304, 16 P.S. §§ 12001–12028.

ble on the face of the complaint. Where the plaintiff does not object to the improper procedure, lower courts have ruled on the affirmative defense of immunity raised by preliminary objections. Here, neither the Sweeneys nor Merrymead Farm filed preliminary objections to the Health Department's preliminary objection based on immunity. Therefore, although we are reluctant to decide a case with procedural irregularities, we must determine whether the trial court properly granted the preliminary objection and dismissed the Health Department as a party based upon the affirmative defense of immunity.

 Our review of the trial court's order sustaining preliminary objections in the nature of a demurrer is to determine whether the trial court abused its discretion or committed an error of law. *Altoona Housing Authority v. City of Altoona,* 785 A.2d 1047 (Pa.Cmwlth.2001). Preliminary objections in the nature of a demurrer should be sustained only where the pleading is clearly insufficient to establish a right to relief. *Id.,* We must accept as true all well-pled allegations of material fact averred in the complaint, as well as any inferences reasonably drawn from them. *Gaster v. Township of Nether Providence,* 124 Pa.Cmwlth. 595, 556 A.2d 947 (1989). Any doubt must be resolved in favor of overruling the demurrer. *Id.*

 Merrymead Farm submits that the trial court erred in dismissing the Health Department from suit because the Health Department is subject to liability under the exceptions to both sovereign immunity, 42 Pa.C.S. § 8522, and governmental immunity, 42 Pa.C.S. § 8542. The trial court did not make a specific determination as to whether the Health Department was a Commonwealth agency or a local agency under the immunity statutes, but rather analyzed whether the cause of action against the Health Department fell within the enumerated exceptions to both. Supplemental Opinion of trial court dated September 11, 2001.[2] Therefore, we first address whether the Health Department is a Commonwealth agency or a local agency.

 Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501, defines a "Commonwealth party" as "a Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment" and defines a "local agency" as "a government unit other than the Commonwealth government." 42 Pa. C.S. § 8501. In order to determine whether an entity is a Commonwealth or local agency, we look to the entity's enabling legislation. *Bucks County Community College v. Bucks County Bd. of Assessment Appeals,* 147 Pa.Cmwlth. 505, 608 A.2d 622 (1992).[3] The Health Department is a county department of health created by Montgomery County under the

2. The Sweeneys agree that the Health Department is afforded immunity, but contend that the differences between governmental immunity and sovereign immunity are minimal as far as the exceptions to immunity. We do not agree. Immunity is a legislatively created shield against any damages on account of injury to a person or property caused by any act of a Commonwealth or local agency or employee thereof. *Lockwood v. Pittsburgh,* 561 Pa. 515, 751 A.2d 1136 (2000). "Because there is a clear intent to insulate government from exposure to tort liability, the exceptions

to immunity are to be strictly construed." *Id.,* 561 Pa. at 520, 751 A.2d at 1139.

3. The Sweeneys contend that because the Health Department receives funding from both county and states sources, it is both a Commonwealth agency and a local agency. No authority has been offered to support the argument, and we can find none. We reject the unsupported "funding" approach in favor of an analysis of the enabling legislation.

auspices of the Local Health Administration Law.[4] We therefore hold that for the purposes of immunity, the Health Department is a local agency, protected by the cloak of governmental immunity pursuant to 42 Pa.C.S. § 8541.

■ In order for liability to be imposed on a local agency, 42 Pa.C.S. § 8542(a) sets forth three conditions that must be met. First, the damages must be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under 42 Pa.C.S. § 8541. Second, the injury must have been caused by the negligent acts of the local agency or an employee of the local agency acting within the scope of his or her office or duties. Finally, the negligent action must fall within one of the exceptions to governmental immunity set forth in 42 Pa.C.S. § 8542(b). *Lindstrom v. City of Corry*, 563 Pa. 579, 763 A.2d 394 (2000). The plaintiff has the burden of demonstrating that all three conditions have been met. Only the third condition is at issue here.

Merrymead Farm asserts that acts and omissions of the Health Department fall under two exceptions to governmental immunity, namely 42 Pa.C.S. § 8542(b)(3) relating to real property[5] and (b)(8)[6] relating to the care, custody or control of animals.

■ Merrymead Farm contends that the disease control powers granted to the Health Department by Section 5 of the Disease Prevention and Control Law of 1955 (DPC Law), Act of April 23, 1950, P.L. 1510, 35 P.S. § 521.5, and the authority actually exercised by it here, fall within the control of real property exception and control of animals exception to governmental immunity. In particular, Merrymead Farm argues that the Health Department exercised control over the farm and its animals by inspecting and conducting tests at the farm and by notifying the public of the E-coli outbreak. Because the Health Department was allegedly the first and, for a period of time, the only entity aware of the presence of E-coli at Merrymead Farm, it was in a superior position to control disease. For present purposes only, we treat these averments as true.

■ In *City of Pittsburgh v. Estate of Stahlman*, 677 A.2d 384, 387 (Pa. Cmwlth.1996), we concluded that possession under the real property exception means total control over the premises by the local agency; limited control or mere occupation for a limited period of time is insufficient to impose liability.[7] Thus, the

4. Section 2 of the Local Health Administration Law, 16 P.S. § 12002.

5. Subsection (b)(3) provides for an exception to immunity relating to the care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:

 (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

 (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
 (iii) streets; or
 (iv) sidewalks.

6. Subsection (b)(8) provides for liability related to the care, custody or control of animals in the possession or control of a local agency, including but not limited to police dogs and horses. Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer, except as otherwise provided by statute.

7. Ownership of the real property is not required for possession to be found. *CSX*

mandatory duty of the City and its agencies to inspect buildings for safety violations was not sufficient to constitute possession required under the real property exception to governmental immunity. Because possession under this exception requires total control over the property, neither negligent inspection nor failure to inspect constituted possession over real property. Such a construction would constitute an overly expansive interpretation of control. *Id. Estate of Stahlman* controls this issue here.

That the Health Department here actually inspected the farm and conducted testing does not require a different result. The essence is not whether the local agency actually inspected or failed to inspect the premises, but rather whether inspection amounts to total control or possession. This approach is consistent with many other decisions holding that the duty to regulate or inspect does not place the local agency in possession or control of property. *Santori v. Snyder*, 165 Pa.Cmwlth. 505, 645 A.2d 443 (1994) (city's authority to issue stop work order was not the equivalent of care, custody or control of real property); *CSX Transportation, Inc. v. Franty Construction*, 157 Pa.Cmwlth. 620, 630 A.2d 932 (1993) (authority to license, inspect and regulate strip mines was not equivalent to actual control of a strip mine operation or reclamation); *Prescott by James v. Philadelphia Housing Authority*, 124 Pa.Cmwlth. 124, 555 A.2d 305 (1989) (authority imposed by federal regulation on public housing authority for inspection of landlord owner's Section

Eight housing did not constitute possession or control of the premises as the term is used in the real property exception to governmental immunity); *Kline v. Pennsylvania Mines Corp.*, 120 Pa.Cmwlth. 7, 547 A.2d 1276 (1988) (Department of Environmental Resources regulatory power to control mine safety did not give it direct control or constitute possession over mines for purposes of real property exception to governmental immunity); *York Redevelopment Authority v. Keener*, 101 Pa.Cmwlth. 464, 516 A.2d 832 (1986) (city's duty to inspect apartment buildings and ensure code compliance did not constitute sufficient possession over privately owned building to constitute possession under real property exception to governmental immunity). Similarly, instructing the owners to post warning signs and making disease control decisions at Merrymead Farm do not constitute actual possession or total control of the realty.

There are no averments or reasonable inferences in the joinder complaint that establish that the Health Department had physical possession or actual control over Merrymead Farm. Accordingly, the trial court did not err in finding that liability could not be imposed under the real property exception to governmental immunity.

▨▨▨ To subject a local agency to liability relating to the care, custody or control of animals exception to immunity, the party bringing the action must demonstrate that the animals in question were in the possession or control of the local agency.[8] We specifically decline to equate stat-

---

Transportation, Inc. v. Franty Construction, 157 Pa.Cmwlth. 620, 630 A.2d 932 (1993).

8. We note that Merrymead Farm, in its brief, contends that the facts alleged in the complaints, the facts contained in Merrymead Farm's discovery answers, the facts contained in Merrymead Farm's motion for reconsideration and two Health Department's memos

which are referenced in the joinder complaint establish control by the Health Department over Merrymead Farm's animals. Because we are reviewing whether the trial court properly sustained the preliminary objections to the joinder complaint, we are limited to a determination as to whether the facts alleged in the complaint establish with certainty that

utory authority to inspect, to isolate, to segregate and to quarantine animals with actual possession or control of animals. Such a construction would lead to the absurd conclusion that local health boards and the Pennsylvania Department of Health are in control of every known person, animal or arthropod capable of transmitting a communicable disease in Pennsylvania. *See* Section 2 of the DPC Law, 35 P.S. § 521.2(c). Furthermore, such a construction would render local health boards or the Pennsylvania Department of Health susceptible to suit in every case of communicable disease infection from a known agent in Pennsylvania. There is no indication that the legislature intended local health boards or the Pennsylvania Department of Health to be insurers against such infections.[9] In short, unless a local health board or the Pennsylvania Department of Health actually takes possession of an animal or orders its destruction, the unexercised authority to do so does not expose it to suit.[10] Thus, we find no error in the trial court's conclusion that Merrymead Farm failed to plead a claim within the control of animals exception to immunity.

Lastly, Merrymead Farm argues that the trial court erred when it did not permit Merrymead Farm to conduct discovery of the Health Department. In two related cases, Merrymead Farm filed motions requesting the opportunity to conduct discovery of the Health Department pursuant to Montgomery County Rule of Local Procedure 302(e)[11]. The basis for the motion for reconsideration was evidence obtained on July 19, 2001, consisting of two memoranda prepared by Health Department personnel on September 27, 2000 and September 28, 2000 directing certain action be taken by the Health Department. As part of its motion for reconsideration, Merrymead Farm requested the opportunity to take discovery of the Health Department to develop additional facts concerning the Health Department's knowledge of the E-coli outbreak and the actions taken by the Health Department concerning the outbreak. On August 6, 2001, the trial court denied the motions for reconsideration.

The trial court stated that "[b]ased upon our reading of caselaw and the mandate that the exceptions to governmental immunity be narrowly construed, *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), as a matter of law and regardless of what 'new evidence' is discovered, the Health Department's actions taken pursuant to its statutory duty do not equate with Merrymead Farm's animals

---

no recovery is possible. *See* Pa. R. C.P. Nos. 1017, 1028; *Cheltenham Township Police Ass'n v. Cheltenham Township*, 152 Pa. Cmwlth. 338, 618 A.2d 1234 (1992) (the court's standard of review when considering preliminary objections in the nature of a demurrer is limited to review of the allegations set forth in the challenged pleading.)

9. The Sweeneys argue that the trial court erred in not finding against the Health Department under the governmental immunity exception relating to the care, custody or control of personal property in the possession of the local agency. 42 Pa.C.S. § 8542(b)(2). We agree with the trial court that this exception does not apply because the exception specifically permits recovery for property losses and does not permit recovery for personal injuries, as alleged in the Sweeney complaint.

10. For example, 28 Pa.Code § 27.162 (relating to special requirements for animal bites) permits certain animals to be taken into possession or destroyed.

11. Rule 302(e) (relating to disposition) provides, in pertinent part

Where any party demands discovery, the party shall complete such discovery within 60 days unless otherwise directed by the court.

being in the control of the Health Department." September 11, 2001 Trial Court Op. at 6. We agree with the trial court and conclude that it did not abuse its discretion.

The two Health Department memoranda comprising newly discovered evidence were received approximately four days *before* Merrymead Farm filed its joinder complaint. The joinder complaint contains averments about matters referenced in those memoranda. While we treat those averments as true for present purposes, they are irrelevant to the immunity issue. The Health Department's culpable knowledge does not constitute control over the farm and its animals.

It is difficult to imagine what actual control the Health Department exercised over Merrymead Farm and its animals that is unknown to Merrymead Farm. Therefore, it is difficult to understand how additional discovery will illuminate the immunity issue. We discern no abuse of discretion when the trial court declined to permit further discovery before ruling upon the immunity defense.

For the foregoing reasons, the order of the trial court is affirmed.

### ORDER

AND NOW, this 7th day of June, 2002, we affirm the order of the Court of Common Pleas of Montgomery County sustaining the preliminary objections of the Montgomery County Department of Health and dismissing it as a defendant in this matter. The matter is remanded to the trial court for proceedings consistent with the Rules of Civil Procedure.

Jurisdiction relinquished.