**Raymond J. SMOLSKY, and All Pennsylvania Prisoners, Petitioners**

v.

**PENNSYLVANIA GENERAL ASSEMBLY and Legislatures of the Commonwealth of Pennsylvania, et al., and the State Department of Corrections of the Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 30, 2011.

Decided Dec. 2, 2011.

Raymond J. Smolsky, pro se.

Karl S. Myers, Philadelphia, for respondent the General Assembly of the Commonwealth of Pennsylvania.

Debra Sue Rand, Assistant Counsel, Camp Hill, for respondent Department of Corrections of the Commonwealth of Pennsylvania.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY SENIOR Judge KELLEY.

Before this Court in our original jurisdiction are the preliminary objections filed by the Department of Corrections (Department) and the Pennsylvania General Assembly (General Assembly) (collectively, Respondents) to the petition for review of Raymond J. Smolsky (Smolsky). For the reasons that follow, the Court sustains Respondents' preliminary objections and dismisses Smolsky's petition for review.

On June 4, 2010, Smolsky, an inmate incarcerated with the Department, filed a *pro se* petition for review "on behalf of all Pennsylvania inmates" in this Court. The petition for review seeks declaratory judgment relief against the Department and the General Assembly on the basis that Section 6602(f)(1) of the act known as the Prisoner Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f)(1),[1] is unconstitutional

---

1. Section 6602 of the PLRA provides, in perti-   nent part:

as it conflicts with the Remedies Clause of Article I, Section 11 of the Pennsylvania Constitution. Section 6602(f)(1) of the PLRA permits a court to dismiss a complaint challenging prison conditions where the prisoner has had three prior prison conditions complaints dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. Smolsky claims he has been "injured" by the PLRA because he has been identified by this Court as an "abusive litigator" and his cases have been dismissed on this basis by the courts. Smolsky also filed an application to proceed *in forma pauperis*, which this Court granted on June 9, 2010.

In June 2010, both the Department and the General Assembly filed applications for relief in the nature of a request to revoke *in forma pauperis* status and dismiss the petition for review pursuant to Section 6602 of the PLRA, 42 Pa.C.S. § 6602. The applications were denied by opinion and order of this Court dated May 5, 2011. Therein, we explained that although Smolsky has been adjudicated an "abusive litigator," the instant petition for review does not constitute "prison conditions litigation" and was, therefore, not subject to dismissal under Section 6602 of the PLRA.[2] *Smolsky v. Pennsylvania General Assembly* (Pa.Cmwlth., No. 513 M.D.2010, filed May 5, 2011). The Court directed Respondents to file responsive pleadings.

The Department and the General Assembly filed preliminary objections and briefs in support thereof. In response,

(e) Dismissal of litigation.—Notwithstanding any filing fee which has been paid, *the court shall dismiss prison conditions litigation at any time,* including prior to service on the defendant, if the court determines any of the following:

(1) The allegation of indigency is untrue.

(2) The *prison conditions litigation is frivolous* or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

The court may reinstate the prison conditions litigation where the dismissal is based upon an untrue allegation of indigency and the prisoner establishes to the satisfaction of the court that the untrue information was not known to the prisoner.

(f) Abusive litigation.—*If the prisoner has previously filed prison conditions litigation and:*

(1) *three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2) [prison conditions litigation that is frivolous or malicious or fails to state a claim upon which relief may be granted]; or*

(2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;

*the court may dismiss the action.* The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602 (emphasis added). The PLRA defines "prison conditions litigation" as:

A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

Section 6601 of the PLRA, 42 Pa.C.S. § 6601.

2. The Department and General Assembly also filed applications for relief in the nature of a request to stay the time for filing a responsive pleading. This Court granted these applications and stayed the obligation to file responsive pleadings pending disposition of the applications to revoke *in forma pauperis* status and dismiss the petition for review.

Smolsky has filed answers and a brief in support of his petition for review. The Department's objection in the nature of a demurrer asserts that Smolsky has failed to state a cause of action as a matter of law because there is a legitimate governmental interest in deterring frivolous law suits. The General Assembly echoes the Department's objection in the nature of a demurrer and further objects on the basis that Smolsky's claims are non-justiciable with respect to the General Assembly because they fall within the scope of legislative immunity.

■■■ Pursuant to the Pennsylvania Rules of Civil Procedure, preliminary objections may be filed by any party to any pleading on the grounds of legal insufficiency of a pleading (demurrer). Pa. R.C.P. No. 1028(a)(4). In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Meier v. Maleski*, 167 Pa.Cmwlth. 458, 648 A.2d 595, 600 (1994). The court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.* With these principles in mind, we shall consider Respondents' preliminary objections.

### 1. Demurrer

■■■ We begin by first addressing the common objection raised by both the Department and the General Assembly that Smolsky's petition for review fails to state a cause of action upon which relief may be granted. Respondents contend that the abusive litigator provisions of the PLRA

do not violate the court access provision of the Pennsylvania Constitution. We agree.

■■■ A strong presumption of constitutionality attaches to the acts of the General Assembly and a heavy burden of persuasion falls on the party seeking to rebut the presumption. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 175, 507 A.2d 323, 331–332 (1986); *Stephens v. Pennsylvania State Board of Nursing*, 657 A.2d 71, 74 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 544 Pa. 650, 664 A.2d 978 (1995). An act of the General Assembly will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. *Pennsylvanians Against Gambling Expansion Fund, Inc. v. Commonwealth*, 583 Pa. 275, 292, 877 A.2d 383, 393 (2005); *Daly v. Hemphill*, 411 Pa. 263, 271, 191 A.2d 835, 840 (1963). All doubt is to be resolved in favor of sustaining the legislation. *Singer v. Sheppard*, 464 Pa. 387, 393, 346 A.2d 897, 900 (1975).

At the heart of this case is whether Section 6602(f)(1) of the PLRA, 42 Pa.C.S. § 6602(f)(1), violates the Remedies Clause of Article I, Section 11 of the Pennsylvania Constitution, which provides:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. Art. I, § 11. Although we have not addressed this particular clause of the Constitution in connection with Section 6602(f), Section 6602(f) has withstood similar constitutional challenges.

■■■ In *Jae v. Good*, 946 A.2d 802 (Pa.Cmwlth.), *petition for allowance of ap-*

*peal denied,* 598 Pa. 790, 959 A.2d 930 (2008), *cert. denied,* 555 U.S. 1156, 129 S.Ct. 1042, 173 L.Ed.2d 474 (2009), we determined that Section 6602(f) of the PLRA did not violate the equal protection clauses of the U.S. Constitution or the Pennsylvania Constitution. Therein, we explained that the right of access to the courts is not absolute. *Jae,* 946 A.2d at 808. Because there is no fundamental right to proceed in court *in forma pauperis* and a suspect class is not involved,[3] we do not apply the strict scrutiny test but, rather, the rational basis test. *Id.* at 808–809. We determined that "requiring a prisoner to pay the filing fees that are imposed on all litigants in a civil case does not, standing alone, violate that prisoner's right of meaningful access to the courts." *Id.* The rational basis test requires a two-step analysis:

> [F]irst, we determine whether the challenged statute seeks to promote any legitimate state interest or public value; and if so, we then determine whether the legislative classification is reasonably related to accomplishing that articulated state interest.

*Id.* at 809 (quoting *Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.),* 584 Pa. 309, 335, 883 A.2d 518, 534 (2005)). We continued:

The "three strikes rule" of Section 6602(f) of the PLRA does not prevent prisoners from filing any number of civil actions challenging prison conditions. It only restricts their ability to pursue such actions *in forma pauperis.* There is a legitimate governmental interest in deterring frivolous law suits, and Section 6602(f) advances that goal rationally by depriving an abusive litigator of the ability to proceed *in forma pauperis.* Further, the legislation balances the need to deter prisoners from filing frivolous litigation against the need to protect prisoners from physical harm.

*Id.* at 809 (footnote omitted).

Additionally, this Court has held that Section 6602(f) does not violate the Fifth Amendment of the U.S. Constitution[4] or Article I, Section 1 of the Pennsylvania Constitution.[5] *Brown v. Pennsylvania Department of Corrections,* 913 A.2d 301, 306 (Pa.Cmwlth.2006), *petition for allowance of appeal denied,* 591 Pa. 705, 918 A.2d 748 (2007). We explained, "no litigant is permitted to prosecute a lawsuit which fails to state a claim upon which relief may be granted." *Id.* "Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions." *Id.* (quoting *Lewis v. Casey,* 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).

**3.** "Neither prisoners nor indigents constitute a suspect class." *Jae,* 946 A.2d at 808 n. 13.

**4.** The Fifth Amendment provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or

property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. Amend. V.

**5.** Article I, Section 1 of the Pennsylvania Constitution provides:

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possession and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. Art. I, § 1.

In both *Jae* and *Brown*, as here, the inmates claimed they were being denied access to the court system. Although each asserted a different constitutional violation, Section 6602(f) of the PLRA withstood the rational basis test. As we stated in *Jae*, 946 A.2d at 809, "[t]here is a legitimate governmental interest in deterring frivolous law suits, and Section 6602(f) advances that goal rationally by depriving an abusive litigator of the ability to proceed *in forma pauperis*." We can find no reason to diverge from this precedent.[6]

Because we conclude that Smolsky's challenges to the constitutionality of Section 6602(f) of the PLRA are without merit, we sustain Respondents' preliminary objections in the nature of demurrer.

### 2. Immunity

■ Additionally, the General Assembly objects on the ground that Smolsky's claims against the General Assembly are barred by legislative immunity.[7] We agree.

■ Article II, Section 15 of the Pennsylvania Constitution provides:

The members of the General Assembly shall in all cases, except treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place.

Pa. Const. Art. II, § 15. Our Supreme Court has declared that the Speech or Debate Clause "must be interpreted broadly in order to protect legislators from judicial interference with their legitimate legislative activities." *Consumers Education and Protective Association v. Nolan*, 470 Pa. 372, 368 A.2d 675 (1977) (citing *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975)). "[E]ven where the activity questioned is not literally speech or debate, ... if it falls within the 'legitimate legislative sphere' ... the action against the legislator ... must be dismissed." *Id.* It is axiomatic that the passage of legislation falls within the legitimate sphere of legislative activity. *Lincoln Party v. General Assembly*, 682 A.2d 1326, 1333 (Pa.Cmwlth.1996).

In this case, Smolsky challenges the enactment of Section 6602(f) of the PLRA.

---

6. Smolsky's reliance on *Ieropoli v. AC&S Corp.*, 577 Pa. 138, 842 A.2d 919 (2004), is misplaced. In *Ieropoli*, our Supreme Court held that under Article I, Section 11 of the Constitution, a newly-enacted statute may not extinguish a cause of action that has accrued before the statute's enactment. The PLRA took effect on July 18, 1998. Smolsky makes no allegation that any prison condition cause of action, accruing prior to the PLRA's effective date, was dismissed.

7. We note that, under the Pennsylvania Rules of Civil Procedure, immunity from suit is an affirmative defense that must be pled in a responsive pleading under the heading new matter, not as a preliminary objection. Pa. R.C.P. No. 1030; *Sweeney v. Merrymead Farm, Inc.*, 799 A.2d 972 (Pa.Cmwlth.2002). We recognize that courts have permitted limited exception to this rule and have allowed parties to raise the affirmative defense of immunity as a preliminary objection. *Sweeney*, 799 A.2d at 975. The affirmative defense, however, must be clearly applicable on the face of the complaint. *Id.* at 975–976. Where the plaintiff does not object to the improper procedure, courts have ruled on the affirmative defense of immunity raised by preliminary objections. *Id.* at 976.

Here, Smolsky did not object to the General Assembly's preliminary objection based on immunity. It is clear from the face of the Smolsky's petition that his suit against the General Assembly is barred by the defense of immunity. Therefore, this procedural defect is waived and we may rule on the General Assembly's preliminary objection.

The General Assembly's passage of Section 6602(f) of the PLRA clearly falls within the legitimate sphere of legislative activity and is protected by the Speech or Debate Clause. Therefore, we sustain the General Assembly's preliminary objection on grounds of immunity.

Accordingly, Respondents' preliminary objections are sustained and Smolsky's petition for review is dismissed with prejudice.

### ORDER

AND NOW, this 2nd day of December, 2011, the preliminary objections filed by the Respondents are SUSTAINED and Smolsky's petition for review is DISMISSED with prejudice.