IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David J. Olean,                           :
            Petitioner         :
                               :
      v.                        :   No. 604 M.D. 2020
                               :   Submitted: May 7, 2021
Commonwealth of Pennsylvania,             :
            Respondent         :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                 FILED: December 14, 2021

David J. Olean, *pro se*, has filed a petition for review against the Commonwealth in the nature of a trespass action and suit in equity. The petition alleges that the benefits of the Commonwealth's Alternate Retirement Program Plan (ARP Plan), in which he is enrolled, are inferior to those provided by the State Employees' Retirement System Plan (SERS Plan). Olean claims that because of this disparity he has suffered an economic loss, in violation of his constitutionally protected property rights.[1] Olean also claims that the lack of any response from government officials to whom he has complained is a violation of his constitutional right to redress of grievances.[2] The Commonwealth, by the Attorney General, has

---

[1] Article I, Section 1 of the Pennsylvania Constitution states:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. CONST. art. I, §1.

[2] In addition, Article I, Section 20 of the Pennsylvania Constitution states:

filed preliminary objections seeking dismissal of Olean's petition on grounds of sovereign immunity. We will dismiss the petition.

On November 9, 2020, Olean filed his petition for review. The petition alleges that he was employed by Pennsylvania State University (Penn State) for over 15 years. Petition, ¶10. At the time he was hired in January 2000, he was given a choice of participating in one of two retirement plans: the ARP Plan, which is a defined contribution pension plan, or the SERS Plan, which is a defined benefit pension plan. *Id*., ¶11. Olean chose to enroll in the ARP Plan. *Id*., ¶12.

The petition alleges that in 1992, the General Assembly set the employer contribution rate in the ARP Plan at "9.29% of employee gross earnings for the fiscal year 1992-1993 and all years after that."[3] *Id*., ¶26. The contribution rate has remained unchanged. *Id*., ¶32. In contrast, the employer contribution rate

---

> The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance.

PA. CONST. art. I, §20.

[3] Section 5301(a)(12) of the State Employees' Retirement Code, states:

> (a) Mandatory membership.--Membership in the system shall be mandatory as of the effective date of employment for all State employees except the following:
>
> * * *
>
> > (12) School employees who have elected membership in an independent retirement program approved by the employer, provided that in no case, except as hereinafter provided, shall the employer contribute on account of such elected membership at a rate greater than the employer normal contribution rate as determined in section 5508(b) (relating to actuarial cost method). For the fiscal year 1986-1987 an employer may contribute on account of such elected membership at a rate which is the greater of 7% or the employer normal contribution rate as determined in section 5508(b) and for the fiscal year 1992-1993 and all fiscal years after that at a rate of 9.29%.

71 Pa. C.S. §5301(a)(12).

2

for the SERS Plan was not fixed at the rate of 9.29% of employee gross earnings. *Id*., ¶34. Rather, in 1994, 1998, 2001, 2002, 2010, and 2017, the General Assembly enacted legislation, which was signed by the Governor, "significantly improving the SERS benefit for themselves and all other plan participants." *Id*., ¶36.

The petition also alleges that the Pennsylvania Public Employee Retirement Commission (Commission)[4] is required to determine the method to set the employer contribution rates for optional alternative retirement programs to ensure parity with the contribution rates for the SERS Plan. Petition, ¶21. In 1994, the Commission prepared a report recommending that the contribution to the ARP Plan be set at 10.52% of the employer's payroll for five years and that this rate be reviewed by the Commission every five years thereafter. *Id*., ¶28. No action was taken on the Commission's recommendations, and no further studies have been done on the parity of employer contributions to the two retirement plans. *Id*., ¶¶29, 37.

Olean's petition avers that the Governor and General Assembly have increased the benefits for the SERS Plan members, which includes them, but have not increased the benefits for employer contribution rate to the ARP Plan since 1992-1993. *Id*., ¶¶32, 36. Olean alleges that there is no parity between the employer contribution rates to the two plans or the benefits they pay to retirees. *Id*., ¶¶44-46, 54.

Olean's petition alleges that Penn State failed to provide him with all the necessary information about the ARP Plan so that he could make an informed

---

[4] The Commission was created by the Act of July 9, 1981, P.L. 208, to review legislation affecting public employee pension and retirement plans and to study public employee pension and retirement policy both at the State and local levels, the interrelationship of the systems, and their actuarial soundness and costs. *Former* Section 4 of the Public Employee Retirement Commission Act, *formerly* 43 P.S. §1401, repealed by the Act of July 20, 2016, P.L. 849, No. 100 (Act 100 of 2016). Subsequently, Act 100 of 2016 dissolved the Commission and transferred certain powers and duties to the Department of Auditor General.

decision when selecting a plan. Petition, ¶¶56-58. In 2015, he contacted Penn State and the Commission about the lack of parity between the retirement plans. He was told that the ARP Plan employer contribution rate was established by statute, and there were plans to make the ARP Plan benefit "comparable" to the SERS Plan. *Id*., ¶¶64-65, Ex. 6. Olean alleges that Penn State and the Commission "knew or should have known" that the two plans do not provide comparable benefits. *Id*., ¶¶67-68.

Lastly, Olean's petition avers that he filed complaints with the Office of Attorney General, Department of Labor and Industry, United States Senator Robert Casey's Office, Governor Wolf's Office, State Representative Brooks' Office, and State Senator Brewster's Office; he has received no meaningful responses. *Id.*, ¶¶73-76, 88-89, 91-92. In addition, he sent a criminal complaint directly to Attorney General Josh Shapiro. Olean contacted several county bar associations for legal assistance, but he was not able to find an attorney to represent him. *Id*., ¶¶ 96-100.

Based on the foregoing, Olean's petition presents two main claims.[5] First, he argues that the Commonwealth has failed to ensure equal employer contributions to the ARP Plan and the SERS Plan. As a result, Olean's retirement compensation has been diminished, in violation of his property rights protected by Article I, Section 1 of the Pennsylvania Constitution. PA. CONST. art. I, §1. Second, he argues that he has been denied his right to petition the government for redress of his grievances in violation of Article I, Section 20 of the Pennsylvania Constitution, PA. CONST. art. I, §20, because the governmental officials did not act on his complaints.

---

[5] Olean lists 11 "claims" in his petition. Most assert factual allegations or conclusions as opposed to identifying specific laws he alleges the Commonwealth has violated. In ascertaining Olean's claims, we considered the petition in its entirety without regard to its organization.

For relief, Olean seeks an order directing the Commonwealth to: (1) require all SERS participants, except for current and retired employees of the Pennsylvania State Police and the Commonwealth Court, to forfeit their benefits earned as of 1992-1993 going forward; (2) require all state employees, except for current employees of the Pennsylvania State Police and the Commonwealth Court, to participate in the ARP Plan; and (3) enforce the Public Employee Pension Forfeiture Act.[6]   Oelan also seeks compensatory damages in the amount of $2,000,000 and punitive damages.

The Commonwealth has filed preliminary objections to Olean's petition, asserting seven grounds for dismissing the petition.[7]   First, the Commonwealth argues that it is immune from Olean's claim for damages. Preliminary Objections, ¶29.   Second, the Commonwealth argues that Olean's claims are barred by the doctrine of *res judicata* because he filed a substantially similar action in federal court that was dismissed on August 13, 2020 and which Olean did not appeal.   Preliminary Objections, ¶¶17-19, Ex. B.[8]   Third, the Commonwealth asserts that this Court lacks jurisdiction because Olean's claims relate to employee benefit plans and, therefore, are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1144(a).   Preliminary Objections, ¶22. Fourth, the Commonwealth contends that Olean's claims, if viable, are barred by the applicable statute of limitations because he chose to participate in

---

[6] Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. §§1311-1315.

[7] For purposes of this opinion, we have rearranged the order of the Commonwealth's preliminary objections.

[8] Exhibit B is a copy of the order dismissing a case filed by Olean against the Commonwealth in the United States District Court for the Middle District of Pennsylvania for lack of subject matter jurisdiction pursuant to the Eleventh Amendment of the United States Constitution, U.S. CONST. amend. XI. *Olean v. Commonwealth* (M.D. Pa., No. 1:20-cv-00360, order filed August 13, 2020).

the ARP Plan in 2000 but waited two decades to file his petition.[9]  *Id*., ¶27.  Fifth, the Commonwealth argues that Olean lacks standing to sue because he admits that he was given a choice between the two retirement plans and he elected the ARP Plan. *Id*., ¶¶31, 33.  Sixth, the Commonwealth asserts that the petition fails to state a claim upon which relief can be granted for several reasons, "including, but not limited to, the General Assembly is not required to pass any specific laws [that Olean] requests."  *Id*., ¶35.  Finally, the Commonwealth contends that Olean failed to join all necessary and indispensable parties because he did not name Penn State, "the ARP Plan" or the ARP Plan administrator as respondents.  *Id*., ¶¶40-41.

When ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments.  *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994).  A court need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion encompassed in the petition for review.  *Portalatin v. Department of Corrections*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009).  A demurrer will be sustained where the law is clear that the petitioner has failed to state a claim for which relief may be granted.  *Clark v. Beard*, 918 A.2d 155, 158 n.4 (Pa. Cmwlth. 2007).  In this regard, any doubt is resolved in favor of the petitioner.

---

[9] The Commonwealth asserts that to the extent Olean brings a claim under 42 U.S.C. §1983 (relating to violations of civil rights), a two-year statute of limitations applies.  Preliminary Objections, ¶26.  In response, Olean confirmed that he is not bringing a claim pursuant to 42 U.S.C. §1983.  Brief in Opposition to Preliminary Objections at 7, 9.  Likewise, the Commonwealth asserts that Olean fails to state a claim under the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV, as he failed to allege a recognized interest which the Commonwealth has violated.  Preliminary Objections, ¶¶36-37.  Olean agrees that he failed to state a Fourteenth Amendment claim but asserts that his petition should not be dismissed.  Brief in Opposition to Preliminary Objections at 13.

We begin with the Commonwealth's assertion that Olean's claims are barred by the doctrine of sovereign immunity.[10] "Under the Pennsylvania Constitution, the Commonwealth enjoys sovereign immunity from lawsuits." *Sutton v. Bickell*, 220 A.3d 1027, 1034 (Pa. 2019). The Pennsylvania Constitution authorizes the General Assembly to waive immunity by statute. Article I, section 11 of the Pennsylvania Constitution provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. *Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct*.

PA. CONST. art. I, §11 (emphasis added). This provision was long understood to mean that only the General Assembly had the power to abrogate the doctrine of sovereign immunity and to forbid judicial abrogation of the doctrine. *Mayle v. Pennsylvania Department of Highways*, 388 A.2d 709, 716-17 (Pa. 1978). In *Mayle*, 388 A.2d at 716-20, the Supreme Court held that this understanding of article I, section 11 was incorrect and abrogated sovereign immunity. Thereafter, the legislature reinstated sovereign immunity and simultaneously waived the immunity for certain claims. Chapter VI of the act known as the "Pennsylvania Consolidated Statutes" states, in relevant part, as follows:

---

[10] Under the Pennsylvania Rules of Civil Procedure, immunity from suit is an affirmative defense that must be pled in a responsive pleading under the heading new matter, not as a preliminary objection. PA.R.CIV.P. 1030(a). Courts, however, have permitted a limited exception to this rule and allowed parties to raise the affirmative defense as a preliminary objection where the defense is "clearly applicable on the face of the [petition for review]." *Smolsky v. Pennsylvania General Assembly*, 34 A.3d 316, 321 n.7 (Pa. Cmwlth. 2011). "Where the [petitioner] does not object to the improper procedure, courts have ruled on the affirmative defense of immunity raised by preliminary objections." *Id*. Although Olean argues that sovereign immunity does not apply, he does not object to the Commonwealth raising the defense as a preliminary objection.

> [T]hat the Commonwealth, and its officials and employees acting within the scope of their duties, *shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity*.

1 Pa. C.S. §2310 (emphasis added). The General Assembly has waived sovereign immunity for certain claims against the Commonwealth agencies, officials, and employees. 42 Pa. C.S. §§8521-8522.[11] The Commonwealth of Pennsylvania, which is *not a Commonwealth agency*, "still enjoys absolute immunity pursuant to 1 Pa. C.S. §2310." *Brouillette v. Wolf*, 213 A.3d 341, 356 (Pa. Cmwlth. 2019) (citing *Finn v. Rendell*, 990 A.2d 100, 105 (Pa. Cmwlth. 2010) (citations omitted and emphasis in original)).

Here, the petition names the "Commonwealth of Pennsylvania" as Respondent, not a Commonwealth agency, official, or employee. The Commonwealth of Pennsylvania enjoys absolute immunity from suit. *Finn*, 990 A.2d at 105. Thus, Olean's claims for damages against the Commonwealth of Pennsylvania are barred by sovereign immunity.

Even if Olean had named a Commonwealth agency or employee as a respondent, his petition would not state a claim. Olean seeks affirmative action by the Commonwealth to revise the benefits of SERS members and to make state employees participate in the ARP Plan. Such a grant of mandatory injunctive relief would be barred by sovereign immunity. *Fawber v. Cohen*, 532 A.2d 429, 433 (Pa.

---

[11] The General Assembly has waived immunity "to claims for damages" brought against Commonwealth agencies and employees caused by: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) national guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa. C.S. §8522(b).

1987).  *See also Stackhouse v. Pennsylvania State Police*, 892 A.2d 54, 61 (Pa. Cmwlth. 2006) (claims seeking mandatory injunctions to compel affirmative action by Commonwealth officials are barred by sovereign immunity).  The courts' equitable powers cannot trump sovereign immunity.  *Scientific Games International, Inc. v. Department of Revenue*, 66 A.3d 740, 758 (Pa. 2013).

Olean argues, nevertheless, that the General Assembly's reinstatement of sovereign immunity was unconstitutional because it interferes with his right of access to the courts guaranteed by Article I, Section 11 of the Pennsylvania Constitution.  PA. CONST. art. I, §11.  This Court has previously rejected Olean's argument.

In *Zauflik v. Pennsbury School District*, 72 A.3d 773, 780-81 (Pa. Cmwlth. 2013), we explained that the General Assembly's authority to restore sovereign immunity is consistent with Article I, Section 11 of the Pennsylvania Constitution.  Article I, Section 11 provides that suits against the Commonwealth may be brought "in such *manner*, in such courts and in *such cases as the Legislature may by law direct*."  PA. CONST. art. I, §1 (emphasis added).  Because the Pennsylvania Constitution vests the General Assembly with discretion to decide which cases may be brought against the Commonwealth, Olean's argument lacks merit.  *Zauflik*, 72 A.3d at 781.

Further, Olean argues that state sovereign immunity does not apply where an individual alleges that a state's action violates the federal or state constitution.  Olean directs this Court to the Florida Supreme Court's decision in *Department of Revenue v. Kuhnlein*, 646 So.2d 717, 721 (Fla. 1994) (emphasis added), wherein that Court stated:

> Sovereign immunity does not exempt the State from a challenge based on violation of the federal or state constitutions, because

9

any other rule self-evidently would make constitutional law subservient to the State's will. Moreover, neither the common law *nor a state statute can supersede a provision* of the federal or *state constitutions*.

This Court is not bound by the decisions of other state courts. *Condemnation by Pennsylvania Turnpike Commission v. Lands of Tarlini*, 185 A.3d 1177, 1186 (Pa. Cmwlth. 2018). Further, the language in *Kuhnlein* is inapposite here because the Sovereign Immunity Act does not "supersede" or conflict with Article I, Section 11 of the Pennsylvania Constitution. The General Assembly, through the Sovereign Immunity Act, defined the types of claims for damages that may lie against Commonwealth agencies and their employees, which this Court has held is consistent with the discretion conferred on the legislature by Article I, Section 11 of the Pennsylvania Constitution. *Zauflik*, 72 A.3d at 780-81.[12]

Accordingly, we sustain the Commonwealth's preliminary objection asserting sovereign immunity and dismiss the petition for review.[13]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[12] Additionally, several of the "claims" in Olean's petition for review relate to actions or inactions of the General Assembly, the Governor, and Penn State. However, Olean has not named these entities or individuals as parties in this matter, and he has only served the Office of Attorney General with a copy of the petition. *See* PA. R.A.P. 1513(b) ("[t]he government unit and any other indispensable party shall be named as respondents"); PA.R.CIV.P. 2102(a)(2) ("[a]n action against a Commonwealth agency or party shall be styled in the following manner: Plaintiff v. '_____ (Name of Agency or Party) of the Commonwealth of Pennsylvania'"). The failure to join an indispensable party to a lawsuit deprives this Court of jurisdiction. *O'Hare v. County of Northampton*, 782 A.2d 7, 13 (Pa. Cmwlth. 2001). To the extent Olean intended to bring claims against these parties, he needed to identify them in the caption.

[13] Given our disposition of this matter, we need not address the Commonwealth's remaining preliminary objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David J. Olean,                          :
                    Petitioner           :
                                         :
          v.                             :   No. 604 M.D. 2020
                                         :
Commonwealth of Pennsylvania,            :
                    Respondent           :

## **ORDER**

AND NOW, this 14th day of December, 2021, it is ORDERED that the preliminary objection of the Commonwealth of Pennsylvania asserting sovereign immunity in the above-captioned matter is SUSTAINED and the petition for review is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge