Trevor S. FINN, John J. Gerst, and Jerry R. Ward, Montour County Commissioners, Petitioners

v.

Edward G. RENDELL, Governor of Pennsylvania; Commonwealth of Pennsylvania; General Assembly of the Commonwealth of Pennsylvania; and Rob McCord, State Treasurer, Respondents.

Commonwealth Court of Pennsylvania.

Argued Jan. 5, 2010.

Decided Feb. 2, 2010.

Publication Ordered Feb. 9, 2010.

Rebecca L. Warren, Danville, for petitioner, Montour County Commissioners.

Gregory E. Dunlap, Harrisburg, for respondent, Edward G. Rendell.

Howard G. Hopkirk, Harrisburg, for respondent, Commonwealth of Pennsylvania.

Thomas W. Dymek, Philadelphia, for respondent, General Assembly.

OPINION BY President Judge LEADBETTER.

The Commonwealth of Pennsylvania and the General Assembly of the Common-

wealth of Pennsylvania have filed preliminary objections to the petition for review filed by the Commissioners of Montour County, an eighth-class county, in this Court's original jurisdiction. In the petition for review, the Commissioners seek to compel Governor Edward G. Rendell, the Commonwealth, the General Assembly and State Treasurer Robert McCord (collectively, Respondents) to reimburse Montour County 65% of its full-time district attorney's salary for 2008 and 2009, pursuant to Section 1401(p) of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1401(p). The Commonwealth and the General Assembly argue that the Commissioners lack standing to bring the instant action and that their claims have been rendered moot and are barred by sovereign immunity, the doctrine of separation of powers and Article II, Section 15 (the speech or debate clause) and Article III, Section 24 (prohibition of paying out moneys from the treasury without appropriations and warrants) of the Pennsylvania Constitution, Pa. CONST. art. II, § 15 and art. III, § 24.[1]

In 2005, the General Assembly added Section 1401 to the County Code, effective January 2, 2006. Under Section 1401(g), a part-time district attorney in an eighth-class county must convert to a full-time status if the county commissioners adopt an ordinance fixing the district attorney's services at full time, or if the president judge of the common pleas court in the respective judicial district so orders. A full-time district attorney is compensated $1000 less than the compensation paid to a common pleas court judge in the judicial

---

1. The Treasurer also filed preliminary objections, but the Commissioners subsequently agreed to discontinue the action against the Treasurer, to which none of the other Respondents objected. The Court accordingly dismissed the Treasurer from the case by order dated January 5, 2010. The Governor has filed an answer and new matter to the petition for review.

district. Section 1401(j). Section 1401(p) provides that "[t]he Commonwealth shall annually reimburse each county with a full-time district attorney an amount equal to sixty-five per cent of the district attorney's salary." On July 1, 2006, the status of the Montour County district attorney changed from part time to full time. The Commonwealth subsequently reimbursed Montour County for its district attorney's salary paid in 2006 and 2007 from funds appropriated by the General Assembly in 2006.

In 2007, the General Assembly amended the Judicial Code, adding Section 3575, 42 Pa.C.S. § 3575, effective November 13, 2007. Section 3575(a) established within the State Treasury a restricted account to be known as "the criminal justice enhancement account." The account is funded by prosecution costs of $50 imposed upon certain criminal defendants and fines imposed for designated criminal offenses. Section 3575(a), (b) and (c). Section 3575(d) provides that "[t]he money in the account is appropriated upon approval of the Governor to fulfill the provisions of section 1401(p) of ... The County Code." In October 2009, the General Assembly added Section 3733.1 to the Judicial Code, 42 Pa.C.S. § 3733.1, to increase the funds in the criminal justice enhancement account by charging a permanent fee of $2.25 to be collected and deposited into the account, in addition to the costs and fines imposed by Section 3575. No other funds were appropriated to reimburse the counties for district attorneys' salaries paid in 2008 and thereafter.

■ On October 1, 2009, the Commissioners commenced the instant mandamus action, seeking an order compelling Respondents to reimburse Montour County 65% of its district attorney's salary for 2008 and 2009 in the amount of $101,686.65 and $104,552.50, respectively, and to appropriate sufficient funds to comply with Section 1401(p) of the County Code. The General Assembly and the Commonwealth filed preliminary objections, seeking dismissal of the Commissioners' petition for review.[2]

■ The General Assembly argues that the Commissioners lack standing to bring this action on behalf of the County. The Commissioners respond that they are authorized to act on behalf of the County in matters affecting the County's finances and that if the Court determines that they lack standing, they should be permitted to amend the petition for review to name the County as a party.

■ One seeking judicial resolution of a dispute must satisfy a threshold requirement of standing to bring the action by demonstrating a substantial, direct and immediate interest in the outcome of the litigation. *Pittsburgh Palisades Park, LLC v. Commonwealth*, 585 Pa. 196, 888 A.2d 655 (2005). A substantial interest is an interest exceeding the interest of all citizens in procuring obedience to the law; an interest is direct if there is a causal connection between the asserted violation and the harm complained of; an interest is immediate if the causal connection is neither remote nor speculative. *City of Philadelphia v. Commonwealth*, 575 Pa. 542, 838 A.2d 566 (2003).

In *Stilp v. Commonwealth*, 927 A.2d 707 (Pa.Cmwlth.2007), *aff'd*, 596 Pa. 493, 946 A.2d 636 (2008), the Court found that a taxpayer lacked standing to challenge the constitutionality of the 2005 amendment to the County Code allowing part-time dis-

---

**2.** In ruling on preliminary objections, the Court must accept as true all well-pleaded allegations of material fact as well as all inferences fairly deducible from those facts. *Palmer v. Bartosh*, 959 A.2d 508 (Pa.Cmwlth. 2008).

trict attorneys to convert to full-time status. In so finding, the Court stated:

> [T]here are others who are better situated than Stilp to assert the challenge. In particular, *county commissioners*, controllers, auditors or treasurers in any of the 31 counties in which the status of the district attorney changed . . . would be the best suited to challenge the statute. Those county officers with responsibility for county finances would be detrimentally affected by the county's share of increased compensation to be paid to . . . the district attorney.

*Id.* at 711 (emphasis added).

As officers responsible for managing Montour County's finances, therefore, the Commissioners have a substantial, direct and immediate interest in the outcome of this litigation. In seeking relief on behalf of the County, the Commissioners acted in their official capacity, and the General Assembly and the Commonwealth do not allege otherwise.[3] Consequently, the Commissioners, as a group, have standing to bring this action. *See also County Comm'rs Ass'n of Pa. v. Dinges*, 935 A.2d 926 (Pa.Cmwlth.2007) (the counties and the county commissioners association had standing to bring the declaratory judgment action seeking to establish the proper formula for determining full-time district attorneys' salaries). *Compare Szoko v. Twp. of Wilkins*, 974 A.2d 1216 (Pa. Cmwlth.2009) (one township commissioner lacked standing to bring a declaratory

judgment action challenging the employment contract between the township and the township manager); *Miller v. Bd. of Prop. Assessment, Appeals & Review of Allegheny County*, 703 A.2d 733 (Pa. Cmwlth.1997) (one member of the board of commissioners lacked standing to appeal the trial court's order declaring the county's property tax assessment practice to be unlawful).

▪ The General Assembly next argues that the petition for review should be dismissed for mootness. In support, the General Assembly claims that it provided "a dedicated funding stream" to reimburse the counties for full-time district attorneys' salaries by establishing the criminal justice enhancement account in 2007 and increasing the funds going into the account in 2009. General Assembly's Brief at 6. According to the General Assembly, the Governor has recently approved $6,450,000 in the criminal justice enhancement account to reimburse the counties for the district attorneys' salaries paid since 2008, although the parties agreed at argument that the account does not now contain, nor has it ever contained, $6,450,000 or any other amount sufficient to make the statutorily mandated reimbursement.

▪ Under the mootness doctrine, an actual case or controversy must exist at all stages of review, not just when the complaint is filed. *Pub. Defender's Office of*

---

**3.** For the purpose of standing, this Court has recognized the difference between a personal-capacity action and an official-capacity action:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. . . . Official capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' . . . As long as the government entity receives notice and

an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is *not* a suit against the official personally, for the real party in interest is the entity.

*Miller v. Bd. of Prop. Assessment, Appeals & Review of Allegheny County*, 703 A.2d 733, 735 (Pa.Cmwlth.1997) [quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)] (emphasis in original).

*Venango County v. Venango County Court of Common Pleas,* 586 Pa. 317, 893 A.2d 1275 (2006); *Harris v. Rendell,* 982 A.2d 1030 (Pa.Cmwlth.2009). The existence of a case or controversy requires "a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication...." *City of Philadelphia v. SEPTA,* 937 A.2d 1176, 1179 (Pa.Cmwlth.2007).

In the petition for review, the Commissioners sought to compel Respondents to reimburse Montour County a specific amount representing 65% of the district attorney's salary paid and to be paid in 2008 and 2009 and to appropriate sufficient funds to meet the obligation under Section 1401(p) of the County Code. The General Assembly and the Commonwealth acknowledge that the County has not been fully reimbursed, as demanded by the Commissioners. Moreover, the Commissioners reject the General Assembly's assertion that sufficient appropriations have been made to reimburse the counties. Thus, an actual case or controversy still exists, precluding dismissal of the Commissioners' action as moot.

■ The General Assembly next questions whether the Commissioners' petition for review should be dismissed under sovereign immunity, the separation of powers, the speech or debate clause of the Pennsylvania Constitution and the prohibition of payment from the treasury without appropriations and warrant. The Commonwealth argues that the Commissioners' claims are barred by sovereign immunity.

■ First, although sovereign immunity does not bar a declaratory judgment action or injunction seeking to *prohibit* state parties, *i.e.,* state agencies or employees, from acting, sovereign immunity does apply to an action seeking to *compel* state parties to act or seeking to obtain money damages

or recover property from the Commonwealth; *Fawber v. Cohen,* 516 Pa. 352, 532 A.2d 429 (1987); *Stackhouse v. Pa. State Police,* 892 A.2d 54 (Pa.Cmwlth.2006).

■ The only exception to the rule barring mandatory injunctions against Commonwealth parties is that an action in mandamus will lie to compel a state officer or agency to perform a ministerial or mandatory statutory duty. *Stackhouse,* 892 A.2d at 59 n. 6. Suffice it to say that the General Assembly does not have a ministerial or mandatory duty to appropriate the funds sought by the Commissioners. The amount of funds it appropriates and the purposes for which those funds are dedicated is a matter of legislative discretion. Thus, the relief sought against the General Assembly is barred by the doctrine of sovereign immunity. *See Joint Bargaining Comm. of the Pa. Soc. Servs. Union, Local # 668 v. Commonwealth,* 109 Pa. Cmwlth. 11, 530 A.2d 962 (1987) (the action against the Commonwealth and the Governor seeking allocation of monies to the unfunded reserve account and presentation of legislation to the General Assembly was barred by sovereign immunity).

■ The Court also notes that the Commonwealth government and its various agencies and officers are separate entities and that "the Commonwealth of Pennsylvania, itself, which is clearly **not a Commonwealth agency,** still enjoys absolute immunity pursuant to 1 Pa.C.S. § 2310." *Bonsavage v. Borough of Warrior Run,* 676 A.2d 1330, 1331 (Pa.Cmwlth. 1996) (emphasis in original). *See also Tork–Hiis v. Commonwealth,* 558 Pa. 170, 735 A.2d 1256 (1999). Even assuming, *arguendo,* that in theory sovereign immunity would not bar mandamus, the nature of the Commonwealth as an entity separate from its agencies and officers makes any such action a practical impossibility.

The Commonwealth comprises three branches of government, each divided into many independent subparts. The essence of an action in mandamus is that a specific actor has a non-discretionary duty to perform a particular act. A request that the Commonwealth ·be ordered to do something begs the question which of the many actors comprising state government is to be held accountable. Since merely naming the Commonwealth is insufficient to state a claim against a Commonwealth party, *Tork–Hiis,* it would seem self-evident that if a specific state party can be identified as having a mandatory or ministerial duty, that party must be the named defendant, both in order to make out a cause of action in mandamus and to effectuate enforcement of any ensuing order.

■■■■■ The Commissioners' action is also barred by the doctrine of separation of powers and the speech or debate clause of the Pennsylvania Constitution. As the Pennsylvania Supreme Court noted, "[a] basic precept of our form of government is that the executive, the legislature and the judiciary are independent, co-equal branches of government." *Sweeney v. Tucker,* 473 Pa. 493, 507, 375 A.2d 698, 705 (1977). Under the separation of powers, "no branch [of the government] should exercise the functions exclusively committed to another branch." *Council 13, Am. Fed'n of State, County, & Mun. Employees v. Commonwealth,* — Pa. —, —, 986 A.2d 63, 75 (2009). The judiciary, therefore, must restrain from interfering with the functions of the more political branches of government in the absence of

compelling evidence. *Larson v. Pa. Turnpike Comm'n,* 507 Pa. 471, 490 A.2d 827 (1985).

The General Assembly has the legislative power, including the taxing and spending power. Article II, Section 1 of the Pennsylvania Constitution, Pa. CONST. art. II, § 1; *Beckert v. Warren,* 497 Pa. 137, 439 A.2d 638 (1981). Article II, Section 15 of the Pennsylvania Constitution, provides:

> The members of the General Assembly shall in all cases, except ·treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and *for any speech or debate in either House they shall not be questioned in any other place.* [Emphasis added.]

This speech or debate clause states the principle of separation of powers and, as broadly interpreted, protects legislators from judicial interference with legitimate legislative activities. *Consumers Educ. & Protective Ass'n v. Nolan,* 470 Pa. 372, 368 A.2d 675 (1977); *Lincoln Party v. Gen. Assembly,* 682 A.2d 1326 (Pa.Cmwlth. 1996). Granting the relief sought by the Commissioners and compelling appropriations of sufficient funds and reimbursement of the district attorney's salary would interfere with the functions exclusively committed to the legislative and executive branches, in contravention of the separation of powers and the speech or debate clause.[4]

---

4. In *Pennsylvania State Association of County Commissioners v. Commonwealth,* 545 Pa. 324, 681 A.2d 699 (1996), the Pennsylvania Supreme Court held that the mandamus action seeking to compel the General Assembly to enact a statutory scheme for county funding of the Pennsylvania judicial system was not barred by the separation of powers and

the speech or debate clause. The Court reasoned:

> [S]ince the destruction of one branch of government by another would be antithetical to the constitutional scheme of separation of powers, any legislative action which impairs the independence of the judiciary in its exercise of the judicial power

Further, under Article III, Section 24 of the Pennsylvania Constitution, "[n]o money shall be paid out of the treasury, except on appropriations made by law and on warrant issued by the proper officers." As the Commissioners concede, no warrant has been issued authorizing the Treasurer to reimburse the counties for the district attorneys' salaries. Hence, the relief sought by the Commissioners would directly violate the constitutional mandate under Article III, Section 24. *See Ashbourne Sch. v. Dep't of Educ.*, 43 Pa. Cmwlth. 593, 403 A.2d 161 (1979) (an order compelling the Secretary of Education to pay out monies not yet appropriated would be in direct contravention of Article III, Section 24).

Accordingly, the preliminary objections are sustained, and the petition for review is dismissed as to the Commonwealth and the General Assembly.

### ORDER

AND NOW, this 2nd day of February, 2010, the preliminary objections of Respondents, the Commonwealth of Pennsylvania and the General Assembly of the Commonwealth of Pennsylvania, are SUSTAINED. The petition for review is hereby DISMISSED to the extent that Petitioners seek relief against the Commonwealth and the General Assembly.

and the administration of justice would be similarly abhorrent.

*Id.* at 332, 681 A.2d at 703. This case does not present such compelling circumstances which would warrant judicial interference.