IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Zachary Spada, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 93 M.D. 2021 |
| | : | Submitted: September 24, 2021 |
| Pennsylvania Department of | : | |
| Corrections, Attorney General of | : | |
| Pennsylvania, in their individual | : | |
| and official capacities, | : | |
| | : | |
| Respondents | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:      December 22, 2021


Before the Court are the Preliminary Objections (POs) and Suggestion of Mootness filed by the Pennsylvania Department of Corrections (DOC), and the Attorney General of Pennsylvania, in their individual and official capacities (collectively, Respondents), to the Complaint (PFR)[1] filed by Zachary Spada (Inmate) in our original jurisdiction. We dismiss Inmate's PFR as moot.

---

[1] Although Inmate styled his filing as a Complaint, he should have filed a petition for review because that is the pleading that is used to commence an action against the Commonwealth and its officers under Chapter 15 of the Pennsylvania Rules of Appellate Procedure. *See, e.g.*, **(Footnote continued on next page…)**

On March 22, 2021, Inmate filed the instant PFR alleging that Respondents have violated his rights as guaranteed by the Eighth Amendment to the United States Constitution[2] and article I, section 13 of the Pennsylvania Constitution[3] by failing to comply with Section 5901(a)(1) of the Prisons and Parole Code (Code).[4]

---

*MFW Wine Co., LLC v. Pennsylvania Liquor Control Board*, 231 A.3d 50, 52 n.1 (Pa. Cmwlth. 2020) (single-judge opinion by Brobson, J.) ("Consistent with the applicable rules of appellate procedure, the Court treats the Amended Complaint as a petition for review directed to this Court's original jurisdiction. *See* Pa. R.A.P. 1501(a)(3), 1502, 1503."). Consistent with the foregoing, by April 12, 2021 order, we directed that the Complaint be docketed as a petition for review invoking this Court's original jurisdiction, and we refer to Inmate's filing in this memorandum opinion as the PFR, and to the named defendants in the Complaint as Respondents.

[2] U.S. Const. amend. VIII. The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[3] Pa. Const. art. I, §13. Article I, section 13 states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." As this Court has stated:

> The phrase "deliberate indifference" is the legal standard by which courts adjudicate cases concerning alleged unconstitutional conditions of confinement brought under the Eighth Amendment to the United States Constitution. The guarantee against cruel and unusual punishment contained in the Pennsylvania Constitution provides no greater protections than that afforded under the Eighth Amendment to the United States Constitution.
>
> In order to establish that DOC was deliberately indifferent to [a petitioner's] health and safety, [the petitioner] must, at a minimum, allege that DOC knew of and disregarded an excessive risk to [his or her] health or safety.

*Jochen v. Horn*, 727 A.2d 645, 649 (Pa. Cmwlth. 1999) (citations omitted).

[4] 61 Pa. C.S. §5901(a)(1). Section 5901(a)(1) and(2) states, in relevant part:

> **(a) Physical exercise.--**
> (1) A chief administrator who may or shall have in charge any inmate, whether the inmate has been tried or not, shall provide the

**(Footnote continued on next page…)**

Specifically, Inmate alleges that on March 13, 2020, after the Governor issued the Proclamation of Disaster Emergency (Disaster Proclamation)[5] regarding the COVID-19 pandemic, DOC failed to uphold the mandate of Code Section 5901(a)(1) "by failing to provide daily exercise in the open at [the State Correctional Institution at ]Houtzdale [(SCI-Houtzdale)], opting instead for, often less than two hours, of indoor recreation even though the weather may not have been inclement." PFR ¶8. Inmate asserts that "[t]he legislature intended for [Code] Section 5901 to

inmate with at least two hours of daily physical exercise in the open, weather permitting, and, upon such days on which the weather is inclement, with two hours of daily physical exercise inside of the correctional institution.

(2) The physical exercise must be safe and practical, and the judges of several courts are to be the judges thereof.

61 Pa. C.S. §5901(a)(1), (2).

[5] As this Court has observed:

On March 6, 2020, Governor Wolf issued a [Disaster Proclamation] pursuant to Section 7301(c) of the Emergency Management Services Code[,] 35 Pa. C.S. §7301(c), regarding the novel coronavirus (COVID-19) pandemic. Thereafter, the Governor implemented numerous orders designed to mitigate and stop the spread of COVID-19, which orders, *inter alia*, closed restaurants and bars in Pennsylvania for in-person dining, closed non-essential businesses, limited the size of in-person gatherings within the Commonwealth, and directed citizens to stay at home. Governor Wolf also issued multiple periodic amendments to the Disaster Proclamation, each of which renewed the Disaster Proclamation for an additional 90 days. [The Governor issued amendments renewing the Disaster Proclamation on June 3, 2020, August 31, 2020, November 24, 2020, February 19, 2021, and May 20, 2021.]

*Corman v. Acting Secretary of Pennsylvania Department of Health*, ___ A.3d ___, ___ (Pa. Cmwlth., No. 294 M.D. 2021, filed November 10, 2021), slip op. at 4-5 (footnotes omitted).

3

be a minimum standard, such as [during] the current state of emergency, since under normal circumstances, . . . DOC offers at least 6 hours of out of cell exercise per day . . . ." *Id.* ¶9. Inmate concedes that "[o]bviously, safety is the key here since the COVID pandemic is rampant," and that he "is sympathetic to that fact," but that "there must be some alternative that would enable [] DOC to provide safe and practical exercise." *Id.* ¶11. Nevertheless, Inmate contends that, based on the inclusion of Code Section 5901(a)(2), "[t]he legislature apparently contemplated [that] this statute [would] be contested because it clearly gives the courts discretion to interpret it by means of judicial review." *Id.* ¶12. In sum, Inmate claims that "DOC's failure to provide exercise opportunities totaling at least two hours per day in the open air" violates Code Section 5901, his rights as guaranteed by the Eighth Amendment and article I, section 13, and the separation of powers doctrine. *Id.* ¶¶13, 18-20. Accordingly, Inmate asks this Court for "[a]n evidentiary hearing and/or jury trial on the merits of this action"; his "costs and damages"; "[a] [p]reliminary and [p]ermanent injunction order[ing] DOC to make provisions to comply with the law"; "[d]eclaratory [j]udgment"; and "[a]ny additional relief deemed just, equitable and proper." *Id.* ¶¶21-25. On May 5, 2021, Respondents filed POs in the nature of a demurrer, seeking dismissal of the PFR because it fails to state claims upon which the requested relief may be granted. POs ¶5.

On September 22, 2021, Respondents filed a Suggestion of Mootness,[6] alleging, in relevant part:

> 5. [DOC] has recently eased some of the restrictions imposed due to the COVID-19 virus, including increasing

[6] *See* Pa. R.A.P. 1972(a)(4) ("[S]ubject to Pa. R.A.P. 123, any party may move . . . [t]o dismiss for mootness."); *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010) ("Pa. R.A.P. 1972(a)(4) permits a party to move for dismissal for mootness during litigation.").

4

the size of the cohorts who go out for outdoor exercise so that more inmates can participate.

6.     [Inmate] is housed in BB Unit 1032 cell. This is on the bottom tier. The exercise schedule rotates daily so the exercise periods are not set in stone and result in more recreation hours some days. [Inmate's] current tier will have at least 5.25 hours of indoor recreation and 1.5 hours of outdoor recreation every day with the institution's current authorized cohort sizing. On some days, his recreation time may total nine hours.

7.     Based on the above reinstatement of outdoor exercise, [Inmate's] claim is now moot.

Respondents' Suggestion of Mootness ¶¶5-7.[7]

On October 4, 2021, Inmate filed a Response to Respondents' Suggestion of Mootness, alleging, in pertinent part:

3.     However, the claims for other relief are not moot because the denial of recreation, in accordance with 61 Pa. C.S. §5901, occurred for a period of March 13, 2020, through about May 30, 2020, and then again from November 15, 2020, through about June 1, 2021. In some instances, inmates were not afforded any recreation despite having no cases of COVID on certain housing units.

4.     Accommodations should have been made for recreation, but the Administrator of SCI-Houtzdale used the COVID-19 [p]andemic as justification to lock inmates in their cells for periods greater than [that] allowed by law in an arbitrary and capricious manner not rationally related to furthering legitimate penological interests.

Petitioner's Response to Respondents' Suggestion of Mootness ¶¶3-4.

As this Court has explained:

---

[7] By October 8, 2021 order, we directed that Respondents' Suggestion of Mootness and Inmate's Response to Respondents' Suggestion of Mootness be considered along with the merits of this matter.

5

Under the mootness doctrine, an actual case or controversy must exist at all stages of review, not just when the [PFR] is filed. The existence of a case or controversy requires "a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication. . . ."

*Finn v. Rendell*, 990 A.2d 100, 104-05 (Pa. Cmwlth. 2010) (citations omitted). "Absent an 'actual controversy,' any opinion rendered would be advisory, and we do not issue advisory opinions." *Buehl v. Beard*, 54 A.3d 412, 419 (Pa. Cmwlth. 2012), *aff'd*, 91 A.3d 100 (Pa. 2014).

In *DeHart v. Horn*, 694 A.2d 16, 17 (Pa. Cmwlth. 1997), inmates at SCI-Greene filed an action in mandamus seeking to compel DOC and the SCI's superintendent to provide them with at least two hours of daily, outdoor, physical exercise as mandated by the prior version of Code Section 5901. In their petition for review, the inmates alleged that the SCI had an outdoor exercise yard that is surrounded by a security fence, but the yard was closed Monday through Friday for about a month for the construction of another fence bisecting the yard. *Id.* Although the inmates could use the yard on Saturdays and Sundays, they could not exercise in the yard on weekdays during the period of construction. *Id.* In sustaining the respondents' preliminary objections and dismissing the petition for review as moot, this Court stated:

The [p]etitioners assert that the [r]espondents deprived them of all outdoor exercise while the exercise yard was closed during construction of the fence. In response thereto, the [r]espondents filed a preliminary objection on the basis that the issue is now moot since the [p]etitioners are not being currently subjected to the allegedly adverse prison condition of which they complain. We agree. Upon completion of the fence construction, the exercise yard was reopened and a new schedule was implemented under which the inmates

6

> received outdoor daily exercise in the morning from 8:15 to 10:15 or in the afternoon from 1:00 to 3:00. The [p]etitioners, by virtue of their own allegations, concede that, with the reopening of the exercise yard, the issue of whether the closure of the exercise yard, during the construction of the fence, constituted a deprivation of their entitlement to receive two hours of daily, outdoor, physical exercise is moot.

*Id.* at 18 (footnotes omitted).

Likewise, in the instant case, Inmate's Response to Respondents' Suggestion of Mootness concedes that although some inmates were denied recreation for a period of months during the height of the COVID-19 pandemic, this purported statutory and constitutional deprivation ended on or "about June 1, 2021." Petitioner's Response to Respondents' Suggestion of Mootness ¶3. Based upon Respondents' admitted reinstatement of "safe and practical" outdoor exercise as required by Code Section 5901, the claims raised and the relief requested in the PFR are now moot.[8]

Accordingly, Inmate's PFR is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

---

[8] *See also DeHart*, 694 A.2d at 18 n.6 ("The [p]etitioners fail to argue that the aforesaid issue falls under one of the general exceptions to the mootness doctrine."); *Rauso v. Sutton* (E.D. Pa., No. 99-cv-2817, filed March 30, 2004), slip op. at 10 ("[T]he [prior version of Code Section 5901] contains no express enforcement provision permitting private suits for money damages, nor has it been applied that way. *DeHart*[, 694 A.2d at 18] (finding inmates' challenge rendered moot and no other remedy allowable under law after exercise yard that had been closed for construction was re-opened)[.]").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary Spada,                                    :
                                                  :
                    Petitioner                    :
                                                  :
          v.                                      : No. 93 M.D. 2021
                                                  :
Pennsylvania Department of                        :
Corrections, Attorney General of                  :
Pennsylvania, in their individual                 :
and official capacities,                          :
                                                  :
                    Respondents                   :

# **O R D E R**

AND NOW, this 22nd day of December, 2021, Petitioner's Complaint is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge