IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Amro Elansari, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 663 M.D. 2020 |
| | : | |
| The Commonwealth of Pennsylvania, | : | |
| Respondent | : | Submitted: August 9, 2024 |

BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
                      HONORABLE ELLEN CEISLER, Judge
                      HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                            FILED:  September 16, 2024

Before this Court are Preliminary Objections (POs) filed by the Commonwealth of Pennsylvania (Commonwealth) in response to a petition for review (PFR) filed by Amro Elansari (Petitioner), *pro se*, that raises due process and equal protection claims under the Fourteenth Amendment of the United States Constitution.[1]  By way of relief, Petitioner seeks declaratory relief that would legalize the growing of marijuana for personal use and mandamus relief in the form of an order directing the expungement of criminal records for individuals convicted for the possession and distribution of marijuana under The Controlled Substance, Drug, Device and Cosmetic Act (CSA).[2]

---

[1] Section 1 of the Fourteenth Amendment relevantly provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.

[2] Act of April 14, 1972, P.L. 64, *as amended*, 35 P.S. §§ 780-101 – 780-144.

The Commonwealth's POs seek the dismissal of Petitioner's PFR on the following bases: (1) Petitioner failed to effectuate proper service of the PFR; (2) the Commonwealth is not a proper party; (3) this Court does not have original jurisdiction over Petitioner's PFR; and (4) Petitioner has failed to state viable equal protection and due process claims.

After careful review, we overrule the Commonwealth's first PO, as the record demonstrates that Petitioner properly served the PFR. We sustain the Commonwealth's second PO to the extent the PFR seeks mandamus relief. We sustain the Commonwealth's third PO to the extent the PFR raises a claim in the nature of an application for writ of habeas corpus or post-conviction relief. Finally, because the PFR fails to state viable equal protection and due process claims, we sustain the Commonwealth's fourth PO and dismiss the PFR.

## I. Background

On April 9, 2015, Petitioner was convicted of possessing a small amount of marijuana in violation of Section 13(a)(31) of CSA.[3] On November 5, 2015, Petitioner was found guilty of violating several provisions of the CSA, including Section 13(a)(16),[4] which prohibits the possession of a controlled substance without a valid prescription, and Section 13(a)(30),[5] which prohibits the manufacture,

---

[3] 35 P.S. § 780-113(a)(31). Section 13(a)(31) prohibits the possession of a small amount of marijuana for personal use, with the intent to distribute it but not for sale, or the distribution thereof but not for sale.

[4] 35 P.S. § 780-113(a)(16).

[5] 35 P.S. § 780-113(a)(30).

delivery, or possession with intent to manufacture a controlled substance. All convictions were upheld on appeal.[6]

Petitioner brought the instant PFR pursuant to 42 U.S.C. § 1983,[7] alleging that the Commonwealth violated Petitioner's equal protection and due process rights under the Fourteenth Amendment when it legalized the growing, sale, and distribution of medical marijuana under the Medical Marijuana Act (MMA)[8] while continuing to prosecute Petitioner and others under the CSA for engaging in the same conduct. Petitioner suggests that the Commonwealth, by enacting the MMA, has recognized the medical necessity of marijuana. At the same time, the Commonwealth, by convicting individuals for possessing marijuana, falsely represents that marijuana "has no medicinal value[,]" which Petitioner contends is an unconstitutional violation of "the due process rights of people[.]" PFR, ¶¶ 19-20. Accordingly, Petitioner requests a declaration that marijuana may be legally grown for personal use and that the current restrictions on growing marijuana are unconstitutional. Petitioner also requests the expungement of all criminal records for individuals convicted of possessing and distributing marijuana.

---

[6] *See Com. v. Elansari* (Pa. Super., No. 773 MDA 2015, filed Feb. 24, 2016); *Com. v. Elansari* (Pa. Super., No. 2235 MDA 2015, filed October 18, 2016).

[7] Enacted as part of the Civil Rights Act of 1871, Section 1983 authorizes a civil action against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. A claim under Section 1983 requires that the petitioner establish that some person has deprived him of a cognizable federal right and that the person deprived him of a federal right while acting under color of state law. *Urbanic v. Rosenfeld*, 616 A.2d 46, 479-80 (Pa. Cmwlth. 1992).

[8] Act of April 17, 2016, P.L. 84, *as amended*, 35 P.S. §§ 10231.101-10231.2110.

The Commonwealth filed POs to the PFR on June 16, 2021, the first of which asserts that Petitioner failed to serve the PFR as required by Pa.R.A.P. 1514(c) (Rule 1514(c)), which specifies that a copy of the PFR "shall be served by the petitioner in person or by certified mail on both the government unit that made the determination sought to be reviewed and the Attorney General of Pennsylvania." The Commonwealth's second PO argues that the Commonwealth is not a proper party and that Petitioner should have named a specific agency or individual that acted on the Commonwealth's behalf. The Commonwealth's third PO objects to the PFR on the basis that this Court does not have jurisdiction because the PFR is essentially an attempt by Petitioner to relitigate the validity of his criminal convictions. The Commonwealth's fourth PO argues that Petitioner has failed to state a viable equal protection or due process claim. By way of relief, the Commonwealth requests that this Court dismiss the PFR.

In his Response to Preliminary Objections (Response), contrary to the relief expressly sought in the PFR, Petitioner denies that he sought the decriminalization of marijuana. Instead, Petitioner lodges a constitutional challenge to the MMA on the basis that it violates federal law and permits "defective marijuana [that is] contaminated with chemicals" to be sold at an "exorbitant" cost. Petitioner's Br. at 3. Petitioner also questions whether, following the enactment of the MMA, the Commonwealth can prohibit him from growing marijuana for personal use.[9]

---

[9] Petitioner subsequently filed an Emergency Petition that sought to enjoin the sale of certain types of medical marijuana and to enjoin the prohibition against growing marijuana for personal use. Defect Correction Notices sent to Petitioner on October 6, 2021 and October 20, 2021, indicated that the Emergency Petition had not been properly served. Both notices indicated that, if Petitioner failed to file a proof of service within 14 days, the matter would be considered abandoned. A June 16, 2022 *per curiam* order of this Court noted that Petitioner had not filed the requested proof of service and, therefore, the Emergency Petition was deemed abandoned.

4

## II. Discussion

In ruling on POs, we must accept as true all well-pleaded material facts in the petition for review and all inferences reasonably deducible therefrom. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We are not required to accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* POs testing the legal sufficiency of a pleading will be sustained only where the pleading clearly fails to state a claim for which relief may be granted. *Id.*

### A. Service

The Commonwealth's first PO objects to the PFR on the basis that Petitioner only sent the PFR by first-class and electronic mail, which is not proper service under Rule 1514(c). The Commonwealth requests that the PFR be dismissed, with prejudice, or alternatively, that this Court direct Petitioner to comply with the service requirements of Rule 1514(c). Petitioner maintains that he properly served the PFR, as evidenced by a proof of service attached to his brief, along with email correspondence between Petitioner and counsel for the Commonwealth, which demonstrates that the Commonwealth received the PFR.[10]

We disagree with the Commonwealth that Petitioner failed to properly serve the PFR. While the proof of service Petitioner initially filed indicates that he only emailed copies of the PFR to then-Attorney General Josh Shapiro (AG Shapiro) and to Bernie Cantorna, the District Attorney of Centre County (DA Cantorna),[11]

---

[10] The documents attached to Petitioner's Response reflect his attempts to serve his Emergency Petition, not the PFR.

[11] It is not clear from the PFR, Petitioner's response to the Commonwealth's POs, or Petitioner's brief why DA Cantorna was served a copy of the PFR.

5

Petitioner filed a second proof of service on January 21, 2021, certifying that copies of the PFR were sent to AG Shapiro and DA Cantorna by certified mail on January 4, 2021. As service by certified mail is specifically provided for in Rule 1514(c), we overrule the Commonwealth's PO challenging service of the PFR.

## B. Misjoinder

The Commonwealth's second PO objects to the PFR on the basis that the Commonwealth is an improper party because an action may only be brought against the Commonwealth where a cause of action exists, and a right of action has been authorized by statute. The Commonwealth points out that the relevant provisions of the CSA, which prohibit the possession of marijuana and the possession thereof with the intent to deliver, do not authorize a cause of action against the Commonwealth.

Petitioner responds that the Commonwealth is a proper party because this matter concerns a policy instituted by the Commonwealth "as a whole" that violates the Fourteenth Amendment to the United States Constitution. PFR ¶ 13. Petitioner suggests that the Fourteenth Amendment is the "statute" that authorizes his cause of action, and he maintains that, because the Commonwealth ratified the Fourteenth Amendment, his constitutional claims are not barred by sovereign immunity. Petitioner relies on *Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247 (2011) (*VOPA*), in which the United States Supreme Court held that an exception to sovereign immunity permitted a lawsuit brought by an independent state agency against state officials, which alleged violations of federal law.

Sovereign immunity protects a state from "being hauled into court without its consent." *VOPA*, 563 U.S. at 258. Article I, section 11 of the Pennsylvania Constitution relevantly provides that "suits may be brought against the

Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." To that end, Pa.R.Civ.P. 2102 (Rule 2102) provides that, while "[a]n action by the Commonwealth" may be brought in the name of "the Commonwealth of Pennsylvania," an action against a "Commonwealth agency or party" generally may not.[12] Citing article I, section 11 of the Pennsylvania Constitution and 1 Pa.C.S. § 2310,[13] the note to Rule 2102 explains that the only exception to sovereign immunity is where there is a cause of action against the Commonwealth generally and an express right of action against the Commonwealth generally has been authorized by statute. Furthermore, Section 8521(a) of the Judicial Code, 42 Pa.C.S. § 8521(a), states that, except as otherwise provided, "no provision of [Title 42] shall constitute a waiver of sovereign immunity." Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b), establishes the circumstances for which sovereign immunity is waived by a Commonwealth *party*, which is defined in Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501, as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." Sovereign immunity does not bar, however, a declaratory judgment action or injunction that seeks to prohibit state parties from acting. *Finn v. Rendell*, 990 A.2d 100, 105 (Pa. Cmwlth. 2010). Furthermore, a mandamus action "will lie to compel a state officer or agency to perform a ministerial or mandatory duty." *Id.*

---

[12] Unless otherwise proscribed by the Pennsylvania Rules of Appellate Procedure, matters brought within this Court's original jurisdiction proceed in accordance with the practice and procedure in the courts of common pleas. Pa.R.A.P. 106 and 1517.

[13] Section 2310 reaffirms sovereign immunity for the Commonwealth and its officials and employees, when acting within the scope of their duties, "except as the General Assembly shall wait the immunity." 1 Pa.C.S. § 2310.

7

At the outset, we reject Petitioner's argument that *VOPA* supports his position that the Commonwealth has waived sovereign immunity. The statutory scheme involved in *VOPA* offered funding to states in exchange for creating a protection and advocacy (P&A) system to improve medical care for individuals with developmental disabilities or mental illness.[14] To that end, Virginia appointed an independent state agency, VOPA, to oversee its P&A system, and authorized VOPA to litigate the rights of disabled individuals free of executive branch oversight. The relevant enabling federal legislation explicitly provided that a P&A agency "shall . . . have access to all records" of individuals who may have been abused, as well as any records deemed relevant for conducting an investigation.[15] As part of its investigation into the alleged abuse of patients at state-run mental institutions, VOPA requested patient records from the state officials in charge of those institutions. When the state officials refused to provide the requested records, VOPA filed an action in federal court, seeking declaratory and injunctive relief.

In reviewing whether VOPA's lawsuit was barred by sovereign immunity, the United States Supreme Court noted that States have retained their traditional immunity from suit and that, absent waiver or abrogation of sovereign immunity by Congress, federal courts could "not entertain a private person's suit against a State." *VOPA*, 563 U.S. 253-54. Ultimately, however, the *VOPA* Court held that VOPA's lawsuit was not barred by sovereign immunity because Virginia law created VOPA and gave it the power to sue state officials.

Instantly, the Commonwealth is correct that none of the provisions in the CSA cited by Petitioner authorize a right of action against the Commonwealth. This does

---

[14] *See* 42 U.S.C. § 15043(a)(1).

[15] 42 U.S.C. § 15043(a)(2)(I)(iii)(II); 42 U.S.C. § 15043(a)(2)(J)(i).

8

not end our inquiry, however. Although the allegations and averments in the PFR are inartfully stated and Petitioner makes sweeping generalizations regarding the alleged constitutional violations, the PFR clearly requests declaratory and mandamus relief, which are not automatically barred by sovereign immunity. By way of declaratory relief, the PFR expressly requests a declaration that the CSA's restriction on growing marijuana for personal use is unconstitutional. That the Response Petitioner subsequently filed expressly denies requesting that relief is of no moment. Sovereign immunity does not bar Petitioner's claims to the extent they request declaratory relief.

Insofar as the PFR seeks mandamus relief, however, we agree with the Commonwealth that the Commonwealth is not a proper party. A writ of mandamus is an extraordinary remedy that is used to compel the performance of a ministerial act or mandatory duty. *DeGeorge v. Young*, 892 A.2d 48, 51 (Pa. Cmwlth. 2006). Mandamus relief may only be granted where the moving party establishes a clear legal right, a corresponding duty on the part of the respondents, and the lack of any other appropriate and adequate remedy. "A mandatory duty is 'one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority.'" *Savage v. Storm*, 257 A.3d 187, 191 (Pa. Cmwlth. 2021) (internal citations omitted). In essence, an action in mandamus requires "that a specific actor has a non-discretionary duty to perform a particular act." *Finn*, 990 A.2d at 106. The Commonwealth is "an entity separate from its agencies and officers[.]" *Id.* at 105. Thus, "a request that the Commonwealth be ordered to do something begs the question which of the many actors comprising state government is to be held accountable." *Finn,* 990 A.2d at 106. Merely naming the Commonwealth is not sufficient to state a claim against a

Commonwealth party. *Tork-Hiis v. Com.*, 735 A.2d 1256, 1259 (Pa. 1999). Therefore, it seems "self-evident that[,] if a specific state party can be identified as having a mandatory or ministerial duty, that party must be the named defendant, both in order to make out a cause of action in mandamus and to effectuate enforcement of any ensuing order." *Finn*, 990 A.2d at 106. Accordingly, because Petitioner cannot seek mandamus relief against the Commonwealth generally, we sustain the Commonwealth's second PO, to the extent the PFR constitutes an action in mandamus.

## C. Jurisdiction

Next, the Commonwealth objects to the PFR on jurisdictional grounds, as this Court does not have jurisdiction over "[a]ctions or proceedings in the nature of applications for writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the [Commonwealth Court]." 42 Pa.C.S. § 761(a)(1)(i). The Commonwealth maintains that, although Petitioner has purportedly brought his case under 42 U.S.C. § 1983, and he makes broad claims regarding the constitutionality of the CSA, the essence of Petitioner's PFR is that, because Pennsylvania has legalized medical marijuana, Petitioner was unfairly punished for growing and selling marijuana. Thus, the Commonwealth requests that this Court dismiss the PFR, to the extent Petitioner indirectly attacks his criminal convictions.

Petitioner strenuously denies that the PFR challenges his prior convictions for possessing and distributing marijuana. Instead, Petitioner insists that he is pursuing equal and due process claims because the Commonwealth has legalized medical marijuana through the MMA but continues to prosecute individuals under the CSA for engaging in the same conduct. Petitioner rejects the MMA as a scam that he

10

alleges financially benefits Pennsylvania lawmakers while violating federal law. Regarding Petitioner's mandamus request for the expungement of criminal records, Petitioner notes that he seeks the expungement of *all* criminal records that reflect convictions for the possession and distribution of marijuana.

Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), relevantly provides that this Court has original jurisdiction over all civil actions or proceedings against the Commonwealth government, *except* "actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief" that are not ancillary to proceedings within this Court's appellate jurisdiction. Our starting point for determining the nature of a given claim requires an examination of the requested relief's effect in light of the legal theories offered in support. *Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 189 (Pa. 2022). "[I]f the necessary consequence of granting relief based on the supplied arguments is that the conviction or sentence is undone or otherwise modified, then the claim is in the 'nature of . . . a writ of habeas corpus or post-conviction relief.'" *Id.*

Instantly, Petitioner seeks a declaration from this Court that would legalize marijuana for personal use. Assuming *arguendo* that this Court has the authority to grant the requested relief, which it does not, such a declaration would have no effect on Petitioner's prior convictions under the CSA for possession and distribution of marijuana. Although we have already concluded that sovereign immunity bars Petitioner's claim for mandamus relief, we will still address whether Petitioner's expungement request is in the nature of an application for a writ of habeas corpus or post-conviction relief.

The term "expunge" under Section 9102 of the Criminal History Record Information Act (CHRIA) means:

(1) [t]o **remove information so that there is no trace or indication that such information existed**;

(2) to **eliminate all identifiers [that] may be used to trace the identity of an individual**, allowing remaining data to be used for statistical purposes; or

(3) maintenance of certain information required or authorized under the provisions of [42 Pa.C.S. § 9122(c)] (relating to expungement), when an individual has completed the conditions of any pretrial or posttrial diversion or probation program.

18 Pa.C.S. § 9102 (emphasis added).

It is irrelevant that the relief Petitioner seeks would affect other individuals convicted of possessing and distributing marijuana, as Petitioner's conviction would essentially be "undone or otherwise modified," should we grant the requested relief. Therefore, to the extent the PFR seeks the expungement of criminal records, we are obligated to conclude that it is in the nature of a writ of habeas corpus. The Commonwealth is correct that this Court does not have jurisdiction over such matters.[16]

---

[16] The Post Conviction Relief Act (PCRA) is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including habeas corpus[.]" 42 Pa.C.S § 9542. Generally, when a matter is brought in a court that does not have jurisdiction, the court shall not dismiss the matter, but shall transfer the record thereof to the proper tribunal. 42 Pa.C.S. § 5103(a) (transfer of erroneously filed matters). In this instance, for the sake of judicial economy, we decline to transfer Petitioner's mandamus claim to the appropriate court, as Section 9545 of the PCRA, 42 Pa.C.S. § 9545, requires that a PCRA petition must be filed within one year of the date a petitioner's judgment of sentence becomes final. Any petition seeking post-conviction relief from Petitioner's 2015 convictions would be unquestionably untimely. Transfer of a case is not warranted where a PCRA petition would be dismissed as untimely. *Boyd v. Pa's Sentencing Scheme for Sentencing 18 Year Old's* [sic] *to Mandatory Life Without Parole*, 311 A.3d 63, 72 (Pa. Cmwlth. 2024).

12

We could not grant Petitioner mandamus relief even if this Court accepted his argument that the PFR does not seek relief in the nature of a writ of habeas corpus, or if the Commonwealth was a proper party, because the averments in the PFR do not satisfy the requirements for mandamus. Petitioner has not established a clear legal right to the requested expungement order, as the expungement of criminal history record information may only be granted under the "very limited circumstances that are set forth by statute" following an individual's conviction of the offenses charged. *Com. v. Moto*, 23 A.3d 989, 993 (Pa. 2011). Section 9122 of CHRIA, 18 Pa.C.S. § 9122,[17] which governs the expungement of criminal history record information, does not provide for the statewide expungement thereof. Petitioner has also not asserted a corresponding duty on the part of the Commonwealth or the absence of other appropriate and adequate remedies.

Accordingly, to the extent the PFR may be characterized as an action or proceeding in the nature of application for a writ of habeas corpus or post-conviction relief, we sustain the Commonwealth's third PO.

---

[17] Section 9122(a)-(a.1) of CHRIA provides for the mandatory expungement of criminal history record information in the following circumstances: (1) no disposition has been received or recorded within 188 months after the date of arrest and the court of proper jurisdiction certified that no disposition is available and no action is pending; (2) a court order requires the expungement of non-conviction data; (3) a person 21 years of age or older who has satisfied all terms and conditions of the sentence imposed for a conviction of underage drinking; (4) the defendant has been acquitted; or (5) in cases for which a pardon has been granted. Criminal history record information *may* be expunged under Section 9122(b) of CHRIA, 18 Pa.C.S. § 9122(b), in the following circumstances: (1) when an individual who has reached 70 years of age has been free of arrest or prosecution for 10 years after final release from confinement or supervision; (2) an individual has been dead for 3 years; or (3) an individual convicted of a summary offense has been free of arrest or prosecution for 5 years following conviction for that offense.

## D. Failure to State a Claim

The Commonwealth's final PO contends that Petitioner has failed to set forth a valid equal protection or due process claim. The Commonwealth asserts that the legalization of medical marijuana in the MMA and prohibition against possessing or distributing marijuana under the CSA does not raise equal protection concerns, as growing and selling marijuana is not a fundamental right. The Commonwealth also argues that Petitioner's substantive due process claim fails to identify the nature of the right implicated.

Petitioner rejoins that equal protection is implicated by the Commonwealth's production of medical marijuana in violation of federal law while simultaneously charging individuals under the CSA. Petitioner maintains that he is treated differently from elected officials, whom he alleges "profit from selling medical marijuana scam toxic concentrates[.]" Petitioner's Answer to Commonwealth POs ¶ 35. At the same time, Petitioner is prevented from "growing the exact same plant[.]" *Id.*

Section 1 of the Fourteenth Amendment relevantly provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The essence of equal protection under the law is that like persons in like circumstances should be treated similarly by the sovereign. *Conrad v. Dep't of Transp. (Workers' Comp. Appeal Bd.)*, 310 A.3d 1274, 1283 (Pa. Cmwlth. 2024). Equal protection principles do not strip the General Assembly of its power to classify, however, or to prohibit the "differential treatment of persons having different needs." *Id.* (internal citations omitted). To state an equal protection claim, a petitioner must allege that he has been "intentionally treated differently from others similarly situated and that

14

there is no rational basis for the difference in treatment." *Rivera v. Silbaugh*, 240 A.3d 229, 242 (Pa. Cmwlth. 2020) (internal citations omitted). The legal framework for evaluating an equal protection challenge to a statutory classification consists of the following three classifications, each of which has its own standard of review: (1) classifications that implicate a suspect class or a fundamental right; (2) classifications that implicate an important right or sensitive classification; or (3) classifications that implicate none of these. *Probst v. Dep't of Transp., Bureau of Driver Licensing*, 849 A.2d 1135, 1143-44 (Pa. 2004) (internal citations omitted). Classifications falling into the first category are strictly construed in light of a compelling governmental purpose. *Id.* at 1144. A classification that falls in the second category is subject to a heightened standard of scrutiny that is applied to an important governmental purpose. *Id.* When a statutory scheme falls into the third category, the statute is upheld if any rational basis exists for the classification.

Instantly, Petitioner has not identified any right – fundamental, important, or otherwise – that is implicated by the MMA or CSA, and he does not claim to be part of a suspect class. Petitioner simply asserts, without benefit of supporting legal authority, that permitting the sale of medical marijuana under the MMA while enforcing the prohibition of personal use marijuana under the CSA constitutes an infringement of Petitioner's liberty and property interests. Under Petitioner's reasoning, this matter is subject to strict scrutiny simply because he alleges an equal protection violation.

We do not agree, as growing marijuana for personal use is not a constitutionally protected right. Indeed, we do not discern how Petitioner has been subject to differential treatment, as an individual convicted for possessing and distributing marijuana under the CSA is not similarly situated to a licensed medical

15

marijuana grower and processor that is legally permitted to cultivate and manufacture medical marijuana products under the MMA. In the absence of a suspect class or a fundamental right, or an important right or sensitive classification, we conclude that the rational basis test applies to the General Assembly's classification of those who are permitted to grow marijuana and those who are not.

The rational basis test employs a two-step analysis. First, we determine whether the challenged statute seeks to promote a legitimate state interest or public value. *Kramer v. Workers' Comp. Appeal Bd. (Rite Aid Corp.)*, 883 A.2d 518, 534 (Pa. 2005). If so, we then determine whether the legislative classification is reasonably related to accomplishing that state interest. *Id.* The classification need only be directed at the accomplishment of a legitimate governmental interest and do so in a manner that is not arbitrary or unreasonable. *Id.* Under a rational basis analysis, the General Assembly is not required to "specifically articulate the purpose or rationale supporting its action." *Id*. It is enough that some rationale may conceivably be the purpose and policy underlying the enactment. *Id.* Courts are free to hypothesize as to why the General Assembly created the classification at issue and, if a legitimate reason exists therefore, the provision cannot be struck down, even if its soundness or wisdom could be deemed questionable. *Id.*

In enacting the MMA, the General Assembly declared that scientific evidence suggested that medical marijuana could "mitigate suffering in some patients and also enhance quality of life."[18] Section 102(2) of the MMA states that "[t]he Commonwealth is committed to patient safety" and that careful regulation of a medical marijuana program that "allows access to medical marijuana [would]

---

[18] Section 102(1) of the MMA, 35 P.S. § 10231.102(1).

enhance patient safety while research into its effectiveness continues."[19] Per Section 102(3) of the MMA, 35 P.S. § 10231.102(3), the intent of the General Assembly in enacting the MMA is to

    (i)    [p]rovide a program of access to medical marijuana [that] balances the need of patients to have access to the latest treatments with the need to promote patient safety[;]

    (ii)    [p]rovide a safe and effective method of delivery of medical marijuana to patients[;] and

    (iii)    [p]rovide high quality research into the effectiveness and utility of marijuana.

Any "Commonwealth-based program" providing access to medical marijuana is a "temporary measure, pending Federal approval of and access to medical marijuana through traditional medical and pharmaceutical avenues."[20]

Section 4(1)(iv) of the CSA,[21] on the other hand, designates marijuana as a Schedule I controlled substance, which is a substance found by the Secretary of Health of the Commonwealth of Pennsylvania to have "a high potential for abuse, no currently accepted medical use in the [United States], and a lack of accepted safety for use under medical supervision."[22]

We reject Petitioner's argument that this differential treatment of marijuana, and marijuana users, implicates the equal protection under the Fourteenth Amendment. The MMA established a limited and specific program whereby

---

[19] 35 P.S. § 10231.102(2).

[20] 35 P.S. § 10231.102(4).

[21] 35 P.S. § 780-104(1)(iv).

[22] 35 P.S. § 780-104(1).

17

medical marijuana could be legally obtained. The MMA was not enacted for the purpose of removing marijuana that is not subject to regulation, testing, or approval, from the list of Schedule I controlled substances in the CSA. In point of fact, Petitioner acknowledges in his principal brief that the Commonwealth "[arguably] has a right to regulate the commerce of cannabis to promote safety." Petitioner's Br. at 10. Petitioner's personal objections to what he considers overpriced and "nutrient[-]deprived chemical[ly] contaminated"[23] medical marijuana is not relevant to our analysis. The General Assembly has a legitimate governmental interest in patient safety. Because the MMA's stated purpose of creating a carefully regulated medical marijuana program that provides access to medical marijuana in an effort to "mitigate suffering in some patients and also enhance quality of life" is reasonably related to accomplishing that interest,[24] the MMA passes equal protection scrutiny under the rational basis test and is, therefore, constitutionally sound.

Petitioner's substantive due process claim suffers from the same defect as his failed equal protection claim. As a preliminary matter, for substantive due process rights to attach, there must be a deprivation of a property right or other constitutionally protected interest. *Khan v. State Bd. of Auctioneer Exam'rs*, 842 A.2d 936, 946 (Pa. 2004). Thus, the threshold inquiry for a constitutional challenge based on substantive due process grounds is whether the challenged statute purports to restrict or regulate a constitutionally protected right. To withstand a substantive due process challenge, a statute must seek to achieve a valid state objective by means that are rationally related thereto, which requires that the statute have a real and substantial relationship to the object sought to be obtained. *Id.* A substantive due

---

[23] Petitioner's Br. at 12.

[24] Section 102(1) of the MMA, 35 P.S. § 10231.102(1).

18

process analysis requires that the rights of the individual be balanced against the public interest. *Id.*

Instantly, Petitioner has not specified the constitutionally protected right or interest that has been violated, beyond an asserted "fundamental right to be free from unequal protection and unfairness in the deprivation of liberty under the color and authority of law[,] which is a fundamental right in and of itself." Petitioner's Br. at 14. Indeed, Petitioner appears to concede that our decision here "ultimately comes down to whether or not the [General Assembly's] justification for the [MMA] is sufficient or insufficient." *Id.* at 15. In the absence of a constitutionally protected right or interest that is infringed by the MMA, we conclude that Petitioner has failed to state a viable substantive due process claim.

Based on the above discussion, because Petitioner has failed to state viable equal protection and substantive due process claims, we sustain the Commonwealth's fourth PO.[25]

### III. Conclusion

Because Petitioner served the PFR in accordance with the requirement of Rule 1514(c), we overrule the Commonwealth's first PO. We sustain the Commonwealth's second PO to the extent the PFR seeks mandamus relief and sustain the Commonwealth's third PO to the extent the PFR raises a claim in the nature of an application for writ of habeas corpus or post-conviction relief.

---

[25] It should be noted that, while the PFR purports to raise claims under 42 U.S.C. §1983, the PFR contains no averments that anyone has deprived Petitioner of a cognizable federal right while acting under color of state law.

19

Petitioner has failed to state viable equal protection and due process claims. Accordingly, we sustain the Commonwealth's fourth PO and dismiss the PFR.

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amro Elansari,                              :
                    Petitioner             :
                                           :
    v.                                     :    No. 663 M.D. 2020
                                           :
The Commonwealth of Pennsylvania,  :
                    Respondent             :

# **O R D E R**

AND NOW, this 16th day of September, 2024, the preliminary objection of the Commonwealth of Pennsylvania (Commonwealth) as to service of a Petition for Review filed by Amro Elansari (Petitioner) is hereby OVERRULED. Whereas Petitioner's claim for mandamus relief cannot be maintained against the Commonwealth generally and this Court does not have jurisdiction over claims in the nature of an application for writ of habeas corpus or post-conviction relief, and Petitioner has failed to state viable equal protection and due process claims, the Commonwealth's remaining preliminary objections are hereby SUSTAINED. The Petition for Review is hereby DISMISSED.

_____
ELLEN CEISLER, Judge